■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN THOMAS, Appellant.—Judgment, Supreme Court, New York County (George Roberts, J., at consolidation motion; Luis Neco, J., at suppression hearing; William Davis, J., at trial and sentence), rendered February 27, 1986, convicting defendant of robbery in the first degree (Penal Law § 160.15), burglary in the first degree (Penal Law § 140.30), two counts of burglary in the second degree (Penal Law § 140.25), three counts of grand larceny in the third degree (Penal Law § 155.35), and two counts of robbery in the third degree (Penal Law § 160.05) and sentencing him to consecutive indeterminate terms aggregating 5 to 15 years, is unanimously affirmed.

Defendant was found guilty, after a jury trial, of three separate elevator robberies, all occurring within the two-week period from April 11 through April 22, 1985.

On appeal, defendant argues that the People failed in their burden of proof with respect to the first degree robbery and burglary counts, which involved complainant Marta LaTorre, because the evidence failed to support the use, or threatened use, of a dangerous instrument. This argument is without merit. The evidence at trial established that defendant brandished an unopened knife in one hand, while grabbing Ms. LaTorre by the neck with the other. The circumstances of this attack adequately satisfied the element contained in Penal Law § 160.15 (3) and § 140.30 (3), i.e., the use or threatened use of a dangerous instrument. *(Cf., People v Siler,* 76 AD2d 938.)

Defendant also argues that his identification by Marianita Reyes, the victim of a separate incident, was the result of undue suggestiveness, in that he was the only suspect common to both the lineup and photo array. We likewise reject this claim. First, an examination of the record establishes that neither of the identification procedures was conducted in a suggestive manner. In addition, we note that lineup was not held immediately after the photo array, and that any suggestiveness which may have flowed from the latter procedure was sufficiently attenuated in time to nullify any possible taint. *(See, People v Smith,* 140 AD2d 647.)

We have considered the remainder of the defendant's arguments, including the challenge to the reliability of the identification by the third victim, Dionesa Fonseca, and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Ellerin, JJ.