■ The People of the State of New York, Respondent, v Alberto Pagan, Appellant.—Levine, J. Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered October 13, 1987, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant, an inmate at Coxsackie Correctional Facility in Greene County, was convicted of assault in the second degree based upon a physical altercation with another inmate (hereinafter the victim) at the facility in July 1986. At trial Correction Officer John Severence testified that on the day in question he was escorting a group of inmates to the mess hall when he observed defendant rush toward the victim, grab him around the head and make a slashing motion across the victim's head with an object held in his hand. Severence saw blood on the victim's head and on the floor. Defendant then released the victim and ran by Severence with the object still in his hand. Severence followed defendant into the "slop sink" area where defendant threw the object into the toilet and flushed it. Also introduced into evidence were the victim's medical records and photographic exhibits taken shortly after the incident depicting a large laceration across the victim's temple and blood stains on the floor where the incident occurred. Defendant was sentenced as a second felony offender to an indeterminate prison term of 2½ to 5 years. This appeal by defendant ensued.

Defendant's main ground for reversal is that the evidence adduced at trial was insufficient to permit the jury to find that defendant used a dangerous instrument to assault the victim. In our view, this argument is unavailing. "Dangerous instrument" is statutorily defined as "any instrument, article or substance * * * which, under the circumstances in which it is used * * * is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]). Under this "use-oriented" approach, the nature of the particular object is not determinative, but rather the manner in which it is used (see,

*e.g., People v Carter,* 53 NY2d 113, 116; *People v Johnson,* 122 AD2d 341, 343).

In this case, the jury's finding is amply supported by Severence's unequivocal testimony that he saw an object in defendant's hand during the course of the assault and the photographic evidence of the victim's laceration. The photograph clearly supports the inference that a sharp object, as opposed to defendant's bare hand, was used to inflict the deep gash on the victim's head. It is also readily inferable that the object used by defendant was capable of causing serious physical injury or death *(see, People v Davis,* 96 AD2d 680, 681).

We also reject defendant's contention that the absence of an in-court identification of defendant by Severence constituted error. Severence testified that he knew defendant prior to witnessing him committing the assault and consistently referred to him as to the perpetrator. Thus, there was sufficient evidence from which the jury could conclude that defendant was the person named in the indictment and the perpetrator of the assault, despite the lack of an in-court identification. Finally, we are not persuaded that defendant's sentence is harsh and excessive.

Judgment affirmed. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.