■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY WALLACE, Appellant. [658 NYS2d 843] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered July 14, 1994, convicting defendant, after a jury trial, of robbery in the first degree, burglary in the second degree, and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to two concurrent terms of $7^1/_2$ to 15 years and a conditional discharge, respectively, unanimously affirmed.

The verdict was supported by legally sufficient evidence and

was not against the weight of the evidence. Contrary to defendant's current contention, there was ample evidence that defendant knowingly entered and remained unlawfully in a department store where on three prior occasions he had been advised, and had acknowledged, that his license or privilege to enter had been revoked (Penal Law § 140.00 [5]). The allegedly countervailing evidence cited by defendant merely created a factual issue for the jury to resolve.

The court properly refused to sign defendant's subpoena duces tecum. Rather than seeking to obtain documents that were themselves evidence, the subpoena was intended "for the purpose of discovery or to ascertain the existence of evidence" (*Matter of Terry D.*, 81 NY2d 1042, 1044).

The court properly exercised its discretion in declining to hold a "*Wade*-type hearing" concerning identification procedures conducted by store security personnel (*see, People v Vaughn*, 169 AD2d 670, *lv denied* 77 NY2d 1001; *People v Blackman*, 110 AD2d 596). Concur—Sullivan, J. P., Milonas, Ellerin, Tom and Mazzarelli, JJ.