■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENILE WILSON, Appellant. [658 NYS2d 524] —Crew III, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered September 15, 1995, upon a verdict convicting defendant of the crimes of assault in the first degree and assault in the second degree (two counts).

Following a jury trial defendant, an inmate at Great Meadow Correctional Facility in Washington County, was found guilty of assault in the first degree and assault in the second degree (two counts) and sentenced as a second violent felony offender to concurrent prison terms of 7½ to 15 years and 3½ to 7 years, respectively, with said sentences to run consecutively to

the sentence defendant then was serving. Defendant's primary argument on this appeal is that there was not legally sufficient evidence to support his conviction of assault in the first degree, inasmuch as no one testified as to seeing him with a deadly weapon or dangerous instrument (*see,* Penal Law § 120.10 [1]) and no such item was found following the assault. We cannot agree.

The uncontroverted trial evidence demonstrated that as defendant was walking from the shower toward his cell, he stopped in front of the victim's cell, reached into the cell through the feed tray, made two lunging movements and thereafter returned to his cell. No one else was in the vicinity of the victim's cell immediately prior to or following said incident. Within moments, correction officers went to the victim's cell and found him bleeding profusely. The victim's treating physician testified that he sustained a large laceration to his neck and a 10-inch laceration to his chest, the latter of which penetrated to his sternum. That evidence clearly supports the inference that some object, as opposed to defendant's hand, was used to inflict the two wounds sustained by the victim and the very nature of the wounds demonstrate, a fortiori, that said object was capable of causing serious physical injury (*see, People v Pagan,* 163 AD2d 681, 682). Accordingly, we find that the People adduced legally sufficient circumstantial evidence to establish that defendant used a dangerous instrument (*see,* Penal Law § 10.00 [13]) to inflict the injuries in question. Finally, we find unavailing defendant's contention that his sentence is harsh and excessive.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.