■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIO CASTRO, Appellant. [697 NYS2d 15] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered November 13, 1997, convicting defendant, after a jury trial, of three counts of criminal sale of a controlled substance in the first degree, and sentencing him, as a second felony offender, to three concurrent terms of 15 years to life, unanimously affirmed.

The court correctly found that, following a pattern of striking white male potential jurors, defense counsel's explanation for peremptorily challenging a white male juror was pretextual in violation of *Batson v Kentucky* (476 US 79). The challenged white male juror was similarly situated to a seated Hispanic male juror, and the totality of the record supports the court's conclusion that defendant applied their status as crime victims inconsistently. Such a finding of pretext is entitled to great deference on appeal (*People v Hernandez,* 75 NY2d 350, 356, *affd* 500 US 352). There is no support in the record for defendant's claim that the court cut off defense counsel and did not allow him to fully explain his reasons for challenging this particular juror. The court allowed defense counsel to offer his explanation without interruption and it was only after the court heard from both sides and rendered its ruling that it declined to hear

further argument (*see, People v Payne*, 88 NY2d 172, 184). Concur—Ellerin, P. J., Wallach, Lerner, Rubin and Buckley, JJ.