■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERDINAND RIVERA, Appellant. [708 NYS2d 374] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered June 25, 1997, convicting defendant, after a jury trial, of burglary in the first degree, and sentencing him, as a second violent felony offender, to a term of 18 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence supports reasonable inferences that when defendant produced a folded knife he was threatening to use it against the complainants (*see, People v Pena*, 50 NY2d 400, 408-409, *cert denied* 449 US 1087), as part of his continuing efforts at immediate flight (*see, People v Slaughter*, 78 NY2d 485, 491).

The court properly granted the People's application made pursuant to *Batson v Kentucky* (476 US 79). The record, when viewed as a whole, establishes that the court made a stage-three determination that defense counsel's reasons were pretextual (*see, People v Payne*, 88 NY2d 172, 184). The court required defense counsel to disclose his reasons for the challenges, which were facially race-neutral, and then listened to

the prosecutor's arguments before making a determination upholding the "reverse-*Batson*" challenge. Under these circumstances, the court's ruling was clearly an indication that the reasons given were pretextual (*People v Pena*, 251 AD2d 26, 34, *lv denied* 92 NY2d 929). The context of the court's use of the phrase "not race-neutral" establishes that it was intended to mean "pretextual." The record supports a finding that defense counsel's reasons for challenging white jurors were pretextual where defense counsel had failed to challenge similarly situated Hispanic jurors (*People v Castro*, 265 AD2d 221, *lv denied* 94 NY2d 878).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459; *People v Mattiace*, 77 NY2d 269, 275-276; *People v Pavao*, 59 NY2d 282, 292).

Although the court's charge on credibility of witnesses contained a "slip of the tongue" in which the court substituted the word "defendant" for "complainant," and then corrected itself, there is no reasonable possibility that the jury could have been misled.

We perceive no abuse of discretion in sentencing.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, P. J., Rosenberger, Ellerin, Lerner and Friedman, JJ.