■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICK MANELLO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO JULIANO, Appellant. [720 NYS2d 343] —Judgments, Supreme Court, New York County (Herbert Altman, J.), rendered May 6, 1999, as amended July 22, 1999 as to defendant Juliano and September 23, 1999 as to defendant Manello, convicting each defendant, after a jury trial, of two counts of attempted robbery in the second degree, and sentencing each defendant to concurrent terms of 1½ to 3 years, unanimously affirmed. The matter is remanded to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5) as to each defendant.

Defendants' contentions regarding the court's jury instructions are unpreserved, and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. According to the transcript, at one point in the charge, the court made an inadvertent omission of the word "cross-examination" resulting in a misstatement of law that went unnoticed by all counsel; however, the court's instructions as a whole as well as the summation arguments ensured that the jurors were well aware that testimony elicited on cross-examination constituted evidence to be evaluated (*see, People v Graham*, 276 AD2d 445; *People v Rivera*, 272 AD2d 140, *lv denied* 95 NY2d 857). The other instructions challenged by defendants on appeal were appropriate.

Upon our review of the entire record, we conclude that both defendants received meaningful assistance (*see, People v Benevento*, 91 NY2d 708, 713-714). Although defendants claim that their trial attorneys should have made various objections and exceptions, the absence of such protests did not deprive either defendant of a fair trial (*see, People v Hobot*, 84 NY2d 1021, 1024).

Defendants' remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J. P., Andrias, Lerner, Saxe and Buckley, JJ.