■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FARMER, Appellant. [744 NYS2d 668] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered September 21, 2000, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to a term of 15 years, unanimously affirmed.

Defendant's claim that the court should have dismissed a juror who was allegedly sleeping, or conducted an inquiry, is unpreserved and expressly waived since defendant took the position that the juror was not sleeping and opposed dismissing

her (*People v Chan Lin*, 240 AD2d 319, *lv denied* 90 NY2d 1010; *People v Williams*, 187 AD2d 398, *lv denied* 81 NY2d 849), and we decline to review it in the interest of justice. Were we to review this claim, we would find that, under the circumstances, the court properly exercised its discretion in declining to conduct an inquiry or dismiss the juror.

Defendant's claim that counsel was ineffective for failing to request an inquiry or discharge of the juror should have been brought by way of a CPL 440.10 motion in which counsel could have explained the reason for his action (*see, People v Rivera*, 71 NY2d 705, 709; *People v Love*, 57 NY2d 998, 1000). On this record, there is a reasonable explanation for counsel's strategic choice to keep the juror in that counsel may have decided that this juror was favorable to defendant (*see, People v Rivera, supra*).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The only rational explanation for the victim's injury is that defendant cut him with a knife or other dangerous instrument (*People v Wilson*, 240 AD2d 774, *lv denied* 90 NY2d 899; *People v Vincent*, 231 AD2d 444, *lv denied* 89 NY2d 931).

Defendant's untimely request, made after the parties' summations, to submit the lesser included offense of assault in the second degree was properly denied since the evidence, when viewed in the light most favorable to defendant, does not permit a finding that he committed the lesser but not the greater offense. Neither the People's evidence nor defendant's testimony provided any support for a theory that defendant committed second degree assault, but not first degree assault (*see, People v Ruiz*, 216 AD2d 63, *affd* 87 NY2d 1027). Concur— Andrias, J.P., Buckley, Rosenberger, Wallach and Gonzalez, JJ.