■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WILLIAMS, Appellant. [754 NYS2d 338] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered July 6, 2000, convicting him of assault in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of his right to testify before the grand jury is without merit. CPL 190.50 (5) (a) provides a defendant with the right to testify before the grand jury "if, prior to the filing of any indictment * * * he [or she] serves upon the district attorney of the county a written notice making such request." In the instant case, there is no evidence in the record that either the defendant or his attorney ever gave the required written notice to the District Attorney (*see People v Rogers,* 228 AD2d 623). Moreover, although the defendant claims that he intended to testify before the grand jury, there is no evidence that he attempted to convey that desire to his attorney (*see People v Quinones,* 280 AD2d 559, 560). In any event, even if he had conveyed his wishes to his attorney, the failure to serve the requisite notice would not constitute ineffective assistance of counsel under the circumstances of this case (*see People v Brooks,* 258 AD2d 527, 528).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The trial evidence showed that the defendant became embroiled in an argument with a New York City bus driver, grabbed the bus driver by the neck, and, holding a knife to the bus driver's neck, threatened to slash him. The trial evidence further showed that the bus driver's hand was cut with the knife during the ensuing struggle, the bus driver required medical assistance, including stitches to close the wound, he was unable to use the hand or to return to work for six weeks, and experienced pain in his hand for several months thereafter. The trier of fact could reasonably conclude from this evidence that the defendant intended to cause physical injury by means of a dangerous instrument, and did, in fact, cause such an injury (*see People v Farmer,* 295 AD2d 290, 291, *lv denied* 98 NY2d 768; *People v Wilson,* 240 AD2d 774, 775).

The defendant's remaining contentions, raised in his supplemental pro se brief, are without merit. Santucci, J.P., O'Brien, Goldstein and Cozier, JJ., concur.