THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BLACK, Appellant. [788 NYS2d 390]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J., at pretrial proceedings; Bruce Allen, J., at jury trial and sentence), rendered February 1, 2002, convicting defendant of burglary in the second degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the fifth degree and two counts of petit larceny, and sentencing him, as a persistent violent felony offender, to an aggregate term of 16 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning credibility. The credible evidence warranted the conclusions that defendant knew his license or privilege to enter the store in question had been revoked (*see People v Wallace*, 239 AD2d 272 [1997], *lv denied* 90 NY2d 912 [1997]), that he threatened the imminent use of a dangerous weapon (*see People v Rivera*, 272 AD2d 140 [2000], *lv denied* 95 NY2d 857 [2000]), and that, under the particular circumstances of this incident, he did so while in immediate flight (*see* Penal Law § 140.25 [1] [c]; *People v Slaughter*, 78 NY2d 485, 491 [1991]; *People v Gladman*, 41 NY2d 123 [1976]).

Defendant was not deprived of his right to conflict-free counsel. The record does not establish that a conflict existed, or that it operated to defendant's detriment or had a substantial relation to the conduct of his defense (*see Cuyler v Sullivan*, 446 US 335, 348-350 [1980]). During trial, counsel successfully requested the excusal of a sworn juror and a prospective juror who had expressed an unfavorable opinion of counsel. In doing

so, counsel employed standard trial tactics in removing jurors whose hostility to counsel might have affected their evaluation of counsel's arguments on his client's behalf. There is nothing in the record to suggest that counsel was somehow advancing his own interests, rather than singlemindedly advancing those of his client.

Defendant's contentions concerning the superseding indictment are unpreserved and without merit (*see* CPL 200.80).

Defendant's sentence, which was the statutory minimum, did not constitute unconstitutional cruel and unusual punishment, particularly in light of defendant's extensive criminal record (*see People v Thompson*, 83 NY2d 477, 480 [1994]; *People v Broadie*, 37 NY2d 100 [1975], *cert denied* 423 US 950 [1975]). Concur—Mazzarelli, J.P., Saxe, Friedman, Sullivan and Williams, JJ.