■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR JORGE, Appellant. [805 NYS2d 46]—

Judgment, Supreme Court, Bronx County (Thomas Farber, J.), rendered February 11, 2004, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree and two counts of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

Defendant claims that the court should have made a more thorough inquiry of a juror who closed his eyes at points during the summation by codefendant's counsel and the court's charge and who was being elbowed by a juror in the next seat. This claim is waived and unpreserved. Defendant's counsel sought no such inquiry, took the position that the juror was not sleeping, and agreed that the juror should not be discharged (*see People v Farmer,* 295 AD2d 290 [2002], *lv denied* 98 NY2d 768 [2002]). We reject defendant's arguments on the preservation issue, and we decline to reach defendant's claim in the interest of justice. Were we to reach this claim, we would find that the record amply supports the conclusion that the juror was not sleeping. The juror denied that he had been sleeping on the one occasion the court addressed him on the subject; with respect to this and the other occasions on which his eyes were closed, the court, the prosecutor, the codefendant's counsel and defendant's counsel all agreed that the juror had not been sleeping. Accordingly, there is no basis to conclude that the court was required to make further inquiry (*see e.g. People v Sanabria,* 266 AD2d 41 [1999], *lv denied* 94 NY2d 884 [2000]; *People v Cruz,* 225 AD2d 325 [1996], *lv denied* 88 NY2d 965 [1996]; *People v*

*Ferguson*, 165 AD2d 789 [1990], *lv denied* 77 NY2d 838 [1991]). Concur—Buckley, P.J., Nardelli, Williams, Gonzalez and McGuire, JJ.