■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTY SAMAD, Appellant. [835 NYS2d 99]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J., at requests for new counsel; Michael J. Obus, J., at further request for new counsel, jury trial and sentence), rendered September 12, 2005, convicting defendant of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

The calendar and trial courts properly exercised their respective discretion in denying defendant's requests for assignment of new counsel. In each instance, defendant received a full opportunity to be heard, and his complaints simply expressed general disagreement with counsel over trial strategy and the applicable law, which was not good cause for a substitution of counsel, and which did not require a more extended inquiry (*see e.g. People v Walton*, 14 AD3d 419, 420 [2005], *lv denied* 5 NY3d 796 [2005]). Further, there is nothing in the record indicating that defense counsel had a genuine conflict of interest with defendant or that he was in any way deficient in representing him (*see People v Linares*, 2 NY3d 507, 511 [2004]). Counsel correctly advised his client not to make potentially damaging statements about the facts of the case, and defendant's present arguments concerning that advice are without merit.

Defendant did not preserve his argument that his sentence, which was the statutory minimum, constituted unconstitutional cruel and unusual punishment and we decline to review it in the interest of justice. Were we to review this claim, we would find that, in view of defendant's dishonesty and violent criminal record and the gravity of his crime, his sentence was not grossly disproportionate to the offense (*see People v Black*, 15 AD3d 164, 165 [2005], *lv denied* 4 NY3d 851 [2005]).

Defendant's constitutional challenge to the procedure by which he was sentenced as a persistent violent felony offender is unpreserved and without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]; *Almendarez-Torres v*

*United States*, 523 US 224 [1998]). Concur—Tom, J.P., Andrias, Buckley, Gonzalez and Malone, JJ.