■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERMAINE BROWN, Appellant. (Appeal No. 2.) [859 NYS2d 548]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered March 2, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reducing the period of postrelease supervision to a period of three years and as modified the judgment is affirmed, and the matter is remitted to Niagara County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [2]). Contrary to the contention of defendant, the evidence is legally sufficient to establish that he injured the victim by using a dangerous instrument (*see People v Wilson*, 240 AD2d 774, 775 [1997], *lv denied* 90 NY2d 899 [1997]; *People v Vincent*, 231 AD2d 444, 445 [1996], *lv denied* 89 NY2d 931 [1996]; *People v Pagan*, 163 AD2d 681, 681-682 [1990]). The nature of the victim's wounds supports the inference that defendant used a sharp, dangerous instrument to inflict the victim's injuries and that the victim could not have sustained those wounds in the manner suggested by defendant at trial. Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). As the People correctly concede, however, County Court erred in imposing a five-year period of postrelease supervision for a class D violent felony offense (*see* Penal Law § 70.02 [1] [c]; § 70.45 [2] [e]). We therefore modify the judgment by reducing the period of postrelease supervision to a period of three years, the maximum allowed (*see People v Keith*, 26 AD3d 879, 880 [2006], *lv denied* 6 NY3d 835 [2006]). Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.