[979 NE2d 1177, 955 NYS2d 850]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS HERRING, Appellant.

Argued September 7, 2012; decided October 30, 2012

### APPEARANCES OF COUNSEL

*Diane E. Selker*, Peekskill, for appellant.

*Thomas P. Zugibe, District Attorney*, New City (*Itamar J. Yeger* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

During an early morning altercation in a crowded parking lot outside a nightclub in Rockland County, defendant Carlos Her-

ring repeatedly shot and killed one man, wounded another and brandished his revolver at a third man. He was subsequently charged with second-degree murder, second-degree assault, second- and third-degree weapon possession and second-degree menacing. After a trial where defendant presented the defense of justification, the jury acquitted him of menacing and convicted him of the other crimes charged; the judge subsequently sentenced defendant to an aggregate term of 32 years to life in prison, to be followed by five years of postrelease supervision for the determinate sentences imposed for the assault and weapon possession crimes.

Defendant argued on appeal that he was entitled to a new trial because the judge did not respond properly when juror 7 informed her that juror 11 was sleeping during deliberations. The Appellate Division affirmed the judgment of conviction and sentence, concluding that "[u]nder the circumstances of this case, the County Court did not improvidently exercise its discretion in denying the defendant's motion to discharge a certain juror or for a mistrial based on the alleged inattentiveness of that juror, after making an inquiry of that juror" (80 AD3d 711, 712 [2d Dept 2011]). We agree, and so affirm.

The judge learned that there was a potential problem with a juror during the morning of the second day of deliberations when juror 7 informed her that another juror was sleeping through deliberations. The court brought the jury into the courtroom and repeated the deliberation charge; the jurors then broke for lunch. Before the jury resumed deliberations in the afternoon, the judge asked juror 7 to identify the juror about whom he had complained, and juror 7 named juror 11.

The judge told counsel that she would ask juror 11 if she was suffering from a "significant illness which is preventing her from fulfilling her duties," but that she would not ask her how much "time or effort she's putting into deliberations because I think that goes too far into the privacy of that jury room." Juror 11 was called into the courtroom. She expressed puzzlement as to why she was to be questioned by the judge. When told that "[i]t was reported . . . that perhaps [she was] sleeping during deliberations," juror 11 declared "I wasn't"; she unequivocally represented that she was ready, willing and able to discharge her duties as a juror.

The judge denied defendant's requests for discharge of the juror and a mistrial, noting that juror 11 gave assurances that she was capable of "fulfilling her duties as a sworn juror[,] . . .

is capable of serving as a juror, . . . is prepared to do that," and that juror 7 "stated very clearly that the conduct he observed earlier is not continuing." The judge also "refuse[d] to inquire any further as to who is participating in deliberations, as to how they are participating in deliberations" as this would "invade[ ] the privacy and the province of that jury"; observed that she had "recharged [the jury] on deliberations and how to conduct themselves during deliberations"; and declined to "take the side of any juror" in light of juror 11's responses to her inquiries. While there are circumstances where a juror's behavior during deliberations renders that juror grossly unqualified, in this situation the trial judge did not abuse her discretion when she decided that juror 11 was fit to serve on the jury.

We have considered defendant's other arguments and conclude that they lack merit.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.