# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

337

KA 07-01017

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

GERMAINE BROWN, DEFENDANT-APPELLANT.

---

THOMAS J. EOANNOU, BUFFALO (JEREMY D. SCHWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered March 2, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on count two of the indictment.

Memorandum: Following a jury trial in 2007, defendant was convicted of assault in the second degree (Penal Law § 120.05 [2]). On appeal, we reduced the period of postrelease supervision to a period of three years, and otherwise affirmed the judgment (*People v Brown*, 52 AD3d 1237, *lv denied* 10 NY3d 956). In 2013, defendant moved for a writ of error coram nobis in this Court, asserting that he was denied effective assistance of appellate counsel because counsel had failed to raise an issue on direct appeal that would have resulted in reversal, i.e., that County Court's deference to the decision of defendant to forego a jury charge for a lesser included offense denied him the expert judgment of counsel, to which the Sixth Amendment entitles him. We granted the writ, vacated our prior order, and decided to consider the appeal de novo (*People v Brown*, 105 AD3d 1466). We now reverse the judgment and grant a new trial on count two of the indictment (*see People v Colville*, 20 NY3d 20, 33).

In *Colville* (20 NY3d at 23), the Court of Appeals held that "the decision whether to seek a jury charge on lesser-included offenses is a matter of strategy and tactics which ultimately rests with defense counsel." In that case, the trial court agreed with defense counsel that a reasonable view of the evidence supported his request to submit two lesser included offenses to the jury (*id.*). Nevertheless, "contrary to defense counsel's request and repeated statements that, in his professional judgment, the lesser-included offenses should be

given to the jury, the judge did not do so because defendant objected"
(*id.*).  The jury convicted the defendant of murder, and the Court of
Appeals reversed and ordered a new trial, concluding that, "[b]y
deferring to defendant, the judge denied him the expert judgment of
counsel to which the Sixth Amendment entitles him" (*id.* at 32).

Here, defense counsel requested that the court charge the jury
with respect to the lesser included offense of assault in the third
degree (Penal Law § 120.00 [1]), and the court agreed.  The court then
advised defendant that his conviction of a lesser included offense
would "automatically" result in a probation violation with respect to
unrelated charges then pending, whereupon defendant told the court
that he did not want the lesser included offense to be submitted to
the jury.  Defense counsel requested an opportunity to confer further
with defendant and, after a recess, defendant reiterated his position
to the court.  Defense counsel told the court that defendant's
position was "against [the] strong . . . advice" of counsel, and that
he and his co-counsel "strongly resisted [defendant's] decision,"
which defendant was "making on his own, certainly against our advice."
Upon questioning by the court, defendant confirmed that the decision
to forego a charge for a lesser included offense was his own and
against the advice of his attorneys, and the court indicated that it
would submit only the offenses charged in the indictment.  Defense
counsel reiterated his opinion that defendant's decision was "the
wrong decision."  The court did not submit the lesser included offense
to the jury in accordance with defendant's decision, and defendant was
convicted of assault in the second degree (§ 120.05 [2]).

We conclude that the court erred in deferring to defendant in
determining whether to submit the lesser included offense to the jury
inasmuch as that decision "was for the attorney, not the accused, to
make" (*Colville*, 20 NY3d at 32; *see People v Taylor*, 2 AD3d 1306,
1308, *lv denied* 2 NY3d 746).  We agree with defendant that, contrary
to the People's contention, defense counsel "never 'acceded' or
'acquiesc[ed]' to defendant's decision . . . except to the extent the
judge impermissibly left [them] no alternative" (*Colville*, 20 NY3d at
32).  Moreover, we agree with defendant that the court's error in
deferring to his decision relative to the charge for a lesser included
offense cannot be deemed harmless beyond a reasonable doubt (*see id.*
at 32-33).  As did the court when it initially granted defense
counsel's request for the charge for a lesser included offense, we
conclude that there is a reasonable view of the evidence to support a
finding that defendant committed the crime of assault in the third
degree (Penal Law § 120.00 [1]), but not assault in the second degree
(§ 120.05 [2]; *see* CPL 300.50 [2]; *Colville*, 20 NY3d at 32-33).
Specifically, a jury reasonably could find that defendant intended to
cause physical injury to the victim and that he caused physical injury
to the victim, but that he did not do so "by means of . . . a
dangerous instrument" (§ 120.05 [2]).  Although the indictment alleged
that defendant attacked the victim with a "box cutter," the victim
never observed a box cutter or any other dangerous instrument in
defendant's hands, and he did not know what caused the lacerations on
his neck and chest.  An employee who witnessed the altercation
testified that he never saw a razor, a box cutter, or any other weapon

during the fight, and no such weapon was recovered from the crime scene.  Further, defendant was apprehended while fleeing from the scene, and no weapons were found on defendant, in or near defendant's vehicle, or in the possession of the other occupants of his vehicle. In view of those facts, the court should have given a charge for the lesser included offense of assault in the third degree, as requested by defense counsel.

Entered:  May 9, 2014                          Frances E. Cafarell
                                               Clerk of the Court