■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN FRANQUI, Appellant. [999 NYS2d 40]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, J.), rendered April 8, 2011, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to concurrent terms of 25 years to life, unanimously reversed, on the law, and the matter remanded for a new trial.

During jury deliberations, the court simultaneously received a jury note requesting supplemental instructions, and another note stating, in pertinent part, that one of the jurors was "not participating at all in the deliberation process" and "sleeps most of the time. Can something be done about this situation?" After it delivered the requested instructions, the court noted that all jurors appeared to have been attentive and awake during the instructions, and assured counsel it would address the issue of the allegedly sleeping juror. When the court excused the jury at the end of the day, it urged the jurors to get a good night's rest, and invited them to ask for snacks, coffee and breaks as needed. However, it denied defendant's timely request for an inquiry of the juror.

The court should have conducted a "probing and tactful inquiry" pursuant to *People v Buford* (69 NY2d 290, 299 [1987]) into whether, and to what extent, the juror had been sleeping, in order to determine whether this behavior rendered him grossly unqualified (*see People v Herring*, 19 NY3d 1094 [2012]). The court's observation of jury demeanor during the supplemental instruction was not enough to resolve the issue of what was going on in the jury room, and this was not a case where reliance on a general instruction was an appropriate exercise of discretion (*compare People v Marshall*, 106 AD3d 1, 10 [1st Dept 2013], *lv denied* 21 NY3d 1006 [2013]). Without any inquiry of the allegedly sleeping juror, or of any other juror, it is impossible to know whether the juror was innocuously dozing off from time to time, or whether he slept through so much of the deliberations that he could be deemed absent, such that the verdict was reached by a jury of 11 persons. Accordingly, we are constrained to reverse.

In light of the foregoing, we do not reach defendant's remaining contentions, except that we find that the verdict was based on legally sufficient evidence satisfying the accomplice corroboration requirement, was not repugnant, and was not against the weight of the evidence. Concur—Friedman, J.P., Acosta, Saxe, Manzanet-Daniels and Gische, JJ.