■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN B. THOMAS, Appellant. [10 NYS3d 461]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Grella, J.), rendered July 12, 2013, convicting him of robbery in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court improvidently exercised its discretion in declining to discharge a juror who appeared to be sleeping at certain times during the trial is unpreserved for appellate review (*see People v Quinones*, 41 AD3d 868, 868 [2007]; *People v Phillips*, 34 AD3d 1231, 1231 [2006]; *People v Wright*, 16 AD3d 1113, 1113 [2005]). At trial, the defendant expressly refused to consent to have the juror replaced and, thus, also waived his challenge to that juror (*see People v Wlasiuk*, 90 AD3d 1405, 1410 [2011]; *People v Jorge*, 23 AD3d 254, 254 [2005]; *People v Hinton*, 302 AD2d 1008, 1009 [2003]; *People v Farmer*, 295 AD2d 290, 290 [2002]; *People v Chan Lin*, 240 AD2d 319, 320 [1997]). In any event, the defendant's contention that the juror was not qualified to serve is without merit (*see People v Herring*, 19 NY3d 1094, 1095-1096 [2012]; *People v Robinson*, 121 AD3d 1179, 1181 [2014]; *People v Buel*, 53 AD3d 930, 931 [2008]). The trial court properly inquired of the juror as to whether the juror had been sleeping during the trial, and the juror denied it. The juror also indicated that, although his eyes had been closed at times during the trial, he had been listening, and he did not miss anything, including the demonstrative evidence shown to the jury.

Contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contentions, raised in his pro se supplemental brief, also are without merit. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.