The People of the State of New York, Respondent, v Abdul Cornelius, Appellant. [17 NYS3d 702]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at reassignment of counsel; Bruce Allen, J., at jury trial and sentencing), rendered September 18, 2012, convicting defendant of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of eight years, and judgment, same court (Edward McLaughlin, J.), rendered April 29, 2013, convicting defendant, upon his guilty plea, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a concurrent term of 9½ years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility. Although the victim could not identify defendant at trial, he was certain of his identification of defendant shortly after the robbery. Additional corroboration for the identification was provided by one of the officers, who observed defendant carrying the victim's backpack, which defendant immediately discarded when he saw the officer. The evidence also supports the inference of accessorial liability (*see* Penal Law § 20.00).

Viewing the record as a whole, we conclude that defendant did not make a clear and unequivocal request to proceed pro se, sufficient to express the "definitive commitment to self-representation" that would trigger the need for a full inquiry by the court (*see People v LaValle*, 3 NY3d 88, 106 [2004]). Defendant's expression of a desire to represent himself came within the context of his complaints about his counsel and other statements and applications (*see People v Gillian*, 8 NY3d 85, 88 [2006]; *People v Payton*, 45 NY2d 300, 314 [1978], *revd on other grounds* 445 US 573 [1980]). When the court assigned new counsel, defendant never made it clear that he still wanted

to proceed pro se, nor did he raise the issue again or express further dissatisfaction with his counsel.

The court properly admitted evidence that defendant and a person whose wallet was found along defendant's escape route, and who was alleged to be one of defendant's unapprehended accomplices, had received disorderly conduct summonses together six weeks earlier. The probative value of that evidence exceeded any minimal prejudicial impact, as it provided background information showing that the other man was known to defendant and that the two lived in the same building (*see e.g. People v Bradley*, 250 AD2d 502 [1st Dept 1998], *lv denied* 92 NY2d 893 [1998]).

Turning to the drug case in which defendant pleaded guilty, we find that the totality of circumstances establish that his plea was voluntary (*People v Fiumefreddo*, 82 NY2d 536, 543 [1993]). The voluntariness of the plea was not undermined by the fact that it covered a potential perjury prosecution (*see People v France*, 241 AD2d 525 [2d Dept 1997], *lv denied* 91 NY2d 873 [1997]), or by any statements made by the court in that connection. We have considered and rejected defendant's arguments concerning his motion to withdraw his plea.

Defendant made a valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]), foreclosing review of his excessive sentence claim regarding his drug conviction. Regardless of whether defendant made a valid waiver of his right to appeal his drug conviction, we perceive no basis for reducing the sentence. Concur—Acosta, J.P., Renwick, Moskowitz and Manzanet-Daniels, JJ.