■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES LITTLE, Appellant. [57 NYS3d 140]—

Judgment, Supreme Court, Bronx County (Miriam R. Best, J. at initial requests for self-representation; Denis J. Boyle, J. at subsequent requests, jury trial and sentencing), rendered January 17, 2014, convicting defendant of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 12 years, unanimously affirmed.

There was no violation of defendant's right to represent himself. Rather than being unequivocal, each of defendant's requests for self-representation "was made in the context of a claim of dissatisfaction with counsel" (*People v Scivolette*, 40 AD3d 887, 887 [2d Dept 2007]). In any event, defendant

abandoned his request to appear pro se (*see People v Gillian*, 8 NY3d 85, 88 [2006]; *People v Graves*, 85 NY2d 1024, 1027 [1995]; *People v Hirschfeld*, 282 AD2d 337, 339 [1st Dept 2001], *lv denied* 96 NY2d 919 [2001], *cert denied* 534 US 1082 [2002]). There was no stage of the proceedings at which a court actually denied, rather than temporarily deferred, a request by defendant for self-representation. Furthermore, after assigning the last in a long series of attorneys, the trial court advised defendant that although he had the right to represent himself, a lengthy colloquy with the court would be required, which the court would conduct at the next adjourned date two weeks later, but that in the meantime defendant should confer with the new attorney to see if defendant might accept her services. The minutes of the ensuing court appearance, as well as the next appearance, clearly establish that defendant was satisfied with the new attorney and no longer wished to represent himself. The record fails to support defendant's present contention that, given the fact that two prior requests for self-representation had been deferred by the court, it would have been futile for defendant to renew his ultimate request on the date on which the court had promised to entertain it.

The court providently exercised its discretion in denying defendant's mistrial motion, made after the prosecutor's summation. Any improprieties in the summation were sufficiently addressed by a curative instruction, which met with defendant's satisfaction, or were trivial and harmless (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]).

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility. During the robbery, two benefit cards belonging to defendant were left in the victim's car, and defendant's explanation for the presence of his cards was highly implausible.

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Mazzarelli, Moskowitz, Gische and Gesmer, JJ.