People v Little (2021 NY Slip Op 01235)





People v Little


2021 NY Slip Op 01235


Decided on March 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 02, 2021

Before: Gische, J.P., Mazzarelli, González, Mendez, JJ. 


Ind No. 309/12 Appeal No. 13238 Case No. 2019-5494 

[*1]The People of the State of New York, Respondent,
v
Charles Little, Defendant-Appellant.


Stephen Chu, Interim Attorney in-Charge, Office of the Appellate Defender, New York (Mandy E. Jaramillo of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (David A. Slott of counsel), for respondent



Order, the Supreme Court, Bronx County (Denis J. Boyle, J.), entered on or about June 7, 2019, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered January 17, 2014, unanimously affirmed.
Defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not established that his failure to consult or call an expert on eyewitness identification was objectively unreasonable, the trial court would have permitted such an expert to be called, or that there was a reasonable possibility that such expert testimony would have affected the outcome or fairness of the trial.
Defendant's guilt was established by compelling circumstantial evidence that was separate from the victim's identification testimony. After the robbery, the victim found defendant's benefits cards, one of which contained defendant's picture, in the back seat of the victim's car; given the circumstances, these cards could only have been left by the person who robbed the victim. A detective testified that defendant made a statement placing himself near the scene of the crime, and that when shown his benefit cards, defendant became visibly upset and volunteered that he had not left them in the back seat of a car (despite not having been told that the robbery took place in a car). At trial, defendant gave testimony, which this Court found "highly implausible" on the direct appeal (151 AD3d 531, 532 [1st Dept 2017]), about how his friend had allegedly acquired the cards. Defendant also admitted at trial that he had lied in his grand jury testimony about his cards having been "missing."
Given that the eyewitness identification was not the sole evidence connecting defendant to the crime, rendering speculative any argument that expert testimony would have been allowed, or that such an expert would have changed the outcome of this case, there is no basis for finding that it was unreasonable for counsel to proceed without an identification expert (see People v Santiago, 17 NY3d 661 [2011]; People v Abney, 13 NY3d 251 [2009]). In any event, counsel vigorously attacked the accuracy of the victim's identification on cross-examination and in summation, based on many of the same factors that an expert would have discussed, including the suggestiveness of the victim's seeing defendant's photo on one of the cards found in the car.
The court providently exercised its discretion in declining to hold a hearing on the branch of defendant's motion that sought to vacate his conviction based on actual innocence, because the motion was not supported by "sworn allegations substantiating or tending to substantiate all the essential facts" (CPL 440.30[4][b]). On the motion, defendant offered evidence, similar to evidence he unsuccessfully sought to present at trial, that allegedly corroborated his story about his friend's acquisition of the cards [*2]found in the victim's car. However, this evidence consisted of multiple layers of hearsay, as well as lacking exculpatory value, and it did not require a hearing (see People v Jimenez, 142 AD3d 149, 155-158 [1st Dept 2016]; see also People v Velazquez, 143 AD3d 126, 136-137 [1st Dept 2016], lv denied 28 NY3d 1189 [2017]).).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2021