People v Wilson (2022 NY Slip Op 02370)

People v Wilson

2022 NY Slip Op 02370

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Gesmer, Oing, JJ. 

Ind. No. 3831/18, 4322/18 Appeal No. 15713 Case No. 2019-04796 

[*1]The People of the State of New York, Respondent,
v
Tristan Wilson, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth G. Caldwell of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.

Judgment, Supreme Court, New York County (Maxwell Wiley, J. at self-representation request; Gregory Carro, J. at jury trial and sentencing), rendered July 10, 2019, convicting defendant of criminal possession of a weapon in the third degree and seven counts of perjury in the first degree, and sentencing him, as a second felony offender, to an aggregate term of four to eight years, unanimously affirmed.
Defendant was not deprived of his right of his right of self-representation. Contrary to defendant's arguments, he did not make "repeated" requests to proceed pro se, and the court neither denied nor ignored them (compare People v Trammell, 183 AD3d 155, 156 [1st Dept 2020], lv denied 35 NY3d 1071 [2020]). Defendant made such a request in a letter to the court, but he rendered this request equivocal (see e.g. People v Cornelius, 132 AD3d 495 [1st Dept 2015], lv denied 26 NY3d 1087 [2015]) at a calendar appearance where he revealed that he had only requested to represent himself because his counsel had failed to give him certain paperwork. The court assured defendant that he would receive all the relevant documents, and defendant never suggested that he still wanted to proceed pro se even if his requests for documents were satisfied. Furthermore, the calendar court made no ruling, but advised defendant that if he wanted to represent himself he should make that application to the trial court. However, there is no indication in the record that defendant raised this issue again or was prevented from doing so, and thus the issue was abandoned (see People v Little, 151 AD3d 531 [1st Dept 2017], lv denied 30 NY3d 951 [2017]).
The trial court providently exercised its discretion in denying defendant's challenge for cause to a juror whose responses, viewed as a whole, demonstrated that although she had an inclination to believe police testimony, she could put it aside, follow the court's instructions, and treat police officers like any other witness and scrutinize their credibility (see People v Warrington, 28 NY3d 1116, 1120 [2016]; People v Arnold, 96 NY2d 358, 362-363 [2001]). Defendant's claim the court should have made further inquiry is unpreserved and we decline to review it in the interest of justice.
The trial court also providently exercised its discretion in admitting surveillance video footage. The video was sufficiently authenticated by testimony from a technician who examined and tested the surveillance equipment and from an officer who witnessed part of the events depicted (see People v Goldman, 35 NY3d 582, 595 [2020]; People v Mercedes, 172 AD3d 599, 600-601 [1st Dept], lv denied 33 NY3d 1071 [2019]),
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022