People v Samuel (2024 NY Slip Op 00144)

People v Samuel

2024 NY Slip Op 00144

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Kern, J.P., Oing, Singh, Kapnick, O'Neill Levy, JJ.

Ind. No. 3402/16 Appeal No. 1390-1390A Case No. 2018-1885, 2022-02520 

[*1]The People of the State of New York, Respondent,
v
Edward Samuel, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (David Bernstein of counsel), and Freshfields Bruckhaus Deringer US LLP, New York (Christian Vandergeest of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.

Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered August 15, 2017, convicting defendant, after a jury trial, of robbery in the first degree (two counts), and sentencing him, as a persistent violent felony offender, to concurrent terms of 22 years to life, and order, same court and Justice, entered on or about November 30, 2021, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The People's failure to provide notice of a second witness did not warrant preclusion of the showup identification evidence (see CPL 710.30[1]). Because defendant moved to suppress both witnesses' identifications and "received a full hearing on the fairness of the identification procedure, any . . . deficiency in the notice provided by the People was irrelevant" (People v Kirkland, 89 NY2d 903, 904 [1996]; see CPL 710.30[3]).
The court properly denied defendant's motion to suppress the showup identifications. The showup was conducted within close spatial and temporal proximity to the robbery as part of an unbroken chain of events and was not unduly suggestive (see People v Duuvon, 77 NY2d 541, 544-545 [1991]; People v Cannon, 306 AD2d 130, 131 [1st Dept 2003], lv denied 1 NY3d 539 [2003]). "While the better practice, when feasible, is not to conduct a showup before multiple witnesses" (People v Vincenty, 138 AD3d 428, 429 [1st Dept 2016], lv denied 27 NY3d 1156 [2016]), the two witnesses simultaneously identified defendant in response to a neutral question by the police officer, and nothing indicated that the witnesses influenced each other (see People v Williams, 87 AD3d 938, 939 [1st Dept 2011], lv denied 18 NY3d 863 [2011]). The showup was not rendered suggestive by the fact that defendant was in handcuffs and guarded by officers when viewed by the witnesses (see People v Tramble, 60 AD3d 443, 443 [1st Dept 2009], lv denied 12 NY3d 822 [2009]).
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis to disturb the jury's credibility determinations. The record raises a reasonable inference that defendant displayed a knife during the robbery, and the jury could rationally find that defendant's statements to the store employees to "move," "back off," and "get out [of] my way" while holding the knife constituted a threatened use of a dangerous instrument, regardless of whether the knife was opened or closed (see People v Boisseau, 33 AD3d 568 [1st Dept 2006], lv denied 8 NY3d 844 [2007]; People v Rivera, 272 AD2d 140, 140 [1st Dept 2000], lv denied 95 NY2d 857 [2000]; People v Thomas, 161 AD2d 543, 543 [1st Dept 1990], lv denied 76 NY2d 866 [1990]; see also Penal Law §§ 10.00[13], 160.15[3]).
Defendant's CPL 440.10 motion to vacate the judgment, which was based on the People's belated disclosure of the prior convictions of two main witnesses, in violation of Brady v Maryland (373 US 83 [1963]) [*2]and former CPL 240.45(1)(b), was properly denied. Defendant failed to show that he was prejudiced by the People's delay, since he was given an opportunity to use the material to cross-examine the witnesses and did not seek a continuance for further investigation and preparation (see People v Osborne, 91 NY2d 827, 828 [1997]; People v Ward, 128 AD3d 485, 485 [1st Dept 2015], lv denied 26 NY3d 1012 [2015]). Defendant did not preserve his constitutional challenge to the court's ruling precluding him from cross-examining one of the witnesses on the underlying facts of her prior conviction, and we decline to review it in the interest of justice.
Defendant's challenges to the People's comments on summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that the comments were not so pervasive or egregious as to warrant reversal (see People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). In any event, any error was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024