People v Boone (2024 NY Slip Op 06667)

People v Boone

2024 NY Slip Op 06667

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Renwick, P.J., González, Rodriguez, Higgitt, Rosado, JJ. 

Ind. No. 2178/13 Appeal No. 3354 Case No. 2017-1465 

[*1]The People of the State of New York, Respondent,
v
Michael Boone, Appellant.

Feldman & Feldman, Manhasset (Steven A. Feldman of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.

Judgment, Supreme Court, New York County (Charles Solomon, J., at pretrial proceedings; Laura Ward, J., at suppression hearing; Robert Mandelbaum, J, at trial and sentencing), rendered November 10, 2016, convicting defendant, after a jury trial, of robbery in the first degree and criminal possession of a weapon in the third degree, and sentencing him to a term of 20 years with five years of postrelease supervision on the first-degree robbery count, to run concurrently to a term of 2 1/3 to 7 years on the third-degree weapon possession count, for an aggregate term of 20 years, followed by five years of postrelease supervision, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the first-degree robbery count to 16 years, to run concurrently with the sentence on the third-degree weapon possession count, for a new aggregate term of 16 years followed by five years of postrelease supervision, and otherwise affirmed.
Defendant's legal insufficiency claim is unpreserved, and we decline to consider it in the interest of justice. As an alternative holding, we find that the verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, — NY3d &mdash, 2024 NY Slip Op 05244 [2024]). Initially, there is no basis to disturb the jury's credibility determinations. Three witnesses testified consistently about how defendant displayed a knife, placed it up to the face of one victim, and demanded that all three give him money. There was ample basis for the jury to conclude that defendant's display of the knife constituted use or threatened use of a dangerous instrument, even if the blade of the knife itself was not actually pointed directly at any of the victims' faces (see People v Samuel, 223 AD3d 479, 480 [1st Dept 2024], lv denied 41 NY3d 985 [2024]; People v Rivera, 272 AD2d 140, 140 [1st Dept 2000], lv denied 95 NY2d 857 [2000]; People v Thomas, 161 AD2d 543, 543 [1st Dept 1990], lv denied 76 NY2d 866 [1990]).
Defendant was not deprived of his constitutional right to self-representation. We find that he did not make a clear and unequivocal request to represent himself (see People v LaValle, 3 NY3d 88, 106 [2004]), and the references to self-representation were made in the context of, or overshadowed by, other complaints (see People v Payton, 45 NY2d 300, 314 [1978], revd on other grounds 445 US 573 [1980]; People v Cornelius, 132 AD3d 495, 495-96 [1st Dept 2015], lv denied 26 NY3d 1087 [2015]). In any event, the record establishes that defendant abandoned his request to represent himself (see People v Berrian, 154 AD3d 486, 487 [1st Dept 2017], lv denied 30 NY3d 1103 [2018]; People v Little, 151 AD3d 531, 531-532 [1st Dept 2017], lv denied 30 NY3d 951 [2017]). After mentioning proceeding pro se, defendant agreed with the court to attempt to resolve his disputes with counsel before further [*2]addressing his representation at a later time. He then acquiesced in the appointment of new counsel, asked the court to assign him a specific attorney of his choosing, and attempted to retain his own attorney. Defendant was represented by counsel for over two years before he then made another untimely request to represent himself.
The court properly determined that the search of defendant's duffle bag at the scene was justified as a search incident to a lawful arrest, and that the search was supported by exigent circumstances (see People v Jimenez, 22 NY3d 717 [2014]). We perceive no basis to disturb the court's credibility determinations following the hearing. The hearing evidence established that the police had received a report that defendant was armed with a knife, and the bag was in his grabbable area at the time of his arrest (id. at 721; People v Smith, 59 NY2d 454, 458 [1983]). The search took place immediately after his arrest, was conducted before the police obtained exclusive control of the bag, and before there was no longer a possibility that defendant would gain access to it to seize a weapon or destroy property (see People v Wylie, 244 AD2d 247, 250 [1st Dept 1997], lv denied 91 NY2d 946 [1998]; cf. People v Morales, 126 AD3d 43, 46 [1st Dept 2015]). In any event, we find that any error in admitting the items recovered from the bag was harmless in light of the other overwhelming evidence of defendant's guilt (see generally People v Crimmins, 36 NY2d 230, 241-42 [1975]).
Defendant's claim that the court violated his constitutional rights by limiting his ability to elicit hearsay testimony from one of the testifying officers is unpreserved (see People v Lopez, 122 AD3d 511, 511 [1st Dept 2014], lv denied 24 NY3d 1220 [2015]), and we decline to consider this claim in the interest of justice. As an alternative holding, we find that defendant did not make an adequate showing to warrant admission of this hearsay evidence (see People v Burns, 6 NY3d 793, 795 [2006]; People v Davidson, 121 AD3d 612, 613 [1st Dept 2014], lv denied 25 NY3d 988 [2015]). Defendant's claim that hearsay exceptions apply is also unpreserved, and we decline to consider this claim in the interest of justice as well. In any event, we find that defendant did not lay a proper foundation to establish that the statement was admissible as either an excited utterance (see generally People v Carroll, 95 NY2d 375, 385 [2000]) or as a present sense impression (see generally People v Cantave, 21 NY3d 374, 382 [2013]).
The court properly denied defendant's request to dismiss one juror who was observed to be closing his eyes. The juror assured the court he was not sleeping and was paying attention to the evidence, even though he sometimes closed his eyes while he listened (see People v Herring, 19 NY3d 1094, 1095-1096 [2012]; People v Thomas, 129 AD3d 1110, 1110 [2d Dept 2015], lv denied 26 NY3d 972 [2015]; People v Jorge, 23 AD3d 254, 254 [1st Dept 2005], lv denied 6 NY3d [*3]814 [2006]). We find that no further inquiry was required, and we perceive no basis in the record to disturb the court's finding that the juror was not sleeping.
The court properly denied defendant's request to submit robbery in the third degree as a lesser included offense, since there was no reasonable view of the evidence that would support a finding that defendant committed only the lesser offense but not the greater (see generally People v Glover, 57 NY2d 61, 63 [1982). More specifically, there was no reasonable view of the evidence that defendant used physical force in the commission of this robbery other than through the use or threatened use of a knife (see People v Pearson, 67 AD3d 600, 600-601 [1st Dept 2009], lv denied 14 NY3d 804 [2010]; see People v Rivera, 262 AD2d 17, 17 [1st Dept 1999, lv denied 93 NY2d 1025 [1999]).
Defendant's constitutional arguments concerning his sentence are unpreserved. Nonetheless, we conclude that the sentence should be reduced in the interest of justice to the extent indicated.
We have considered defendant's remaining arguments, including the various arguments raised in defendant's pro se submissions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024