■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN GOODINGS, Appellant. [750 NYS2d 298] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered June 20, 2001, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant's statement to police concerning the cause of his bleeding hand was not rendered inadmissible by the absence of *Miranda* warnings, since the statement was not made in response to custodial interrogation. As the hearing court expressly concluded, at the time the statement was made defendant was being detained for a prompt identification, based upon reasonable suspicion that he was involved in a crime. Thus, the officer was entitled to ask some investigative questions without first giving *Miranda* warnings (*see People v Bennett*, 70 NY2d 891). In any event, the question at issue did not constitute interrogation requiring *Miranda* warnings (*see People v Huffman*, 41 NY2d 29; *People v Youngblood*, 294 AD2d 954, *lv denied* 98 NY2d 704). When the officer noted that defendant's hand was dripping blood, and asked defendant what had happened and why he was bleeding, such question

related to defendant's present physical condition, and was necessary in order for the police to determine whether he needed medical assistance.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. The jury could have reasonably concluded that the evidence concerning the presence or absence of blood was consistent with the detailed and credible accounts of the incident provided by the People's witnesses. Concur—Tom, J.P., Mazzarelli, Buckley, Sullivan and Lerner, JJ.