THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL VALDERAS, Appellant. [776 NYS2d 41]—

Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered April 4, 2002, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second and third degrees and assault in the second degree, and sentencing him, as a violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence. On the contrary, there was overwhelming evidence that defendant intentionally killed the victim, including testimony from numerous eyewitnesses, forensic evidence, and defendant's statements. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]).

The court properly denied defendant's motion to suppress his statements. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The police officer's question "Where's all this blood coming from?" was not interrogation, but was intended to clarify the situation, including defendant's physical condition, where defendant's clothes were bloody and he had stated he had been shot (*see People v Huffman*, 41 NY2d 29 [1976]; *People v Goodings*, 300 AD2d 50 [2002], *lv denied* 99 NY2d 628 [2003]).

The challenged portion of the prosecutor's summation generally constituted fair comment on the evidence, including a reasonable inference to be drawn therefrom, and the summation did not deprive defendant of a fair trial (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d

884 [1993]). Contrary to defendant's argument, the prosecutor did not imply that defendant belonged to a gang. Although the summation included an isolated misstatement of fact, this defect does not warrant reversal in view of the overwhelming evidence of defendant's guilt.

We perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Andrias, Sullivan and Ellerin, JJ.