■ The People of the State of New York, Respondent, v David Coleman, Appellant. [879 NYS2d 451]—

Judgment, Supreme Court, New York County (John Cataldo, J., at suppression hearing; Arlene R. Silverman, J., at nonjury trial and sentence), convicting defendant of criminal sale of a controlled substance in the third degree and tampering with physical evidence, and sentencing him, as a second felony drug offender whose prior conviction was a violent felony, to concurrent terms of 3$^1$/$_2$ years and 1$^1$/$_2$ to 3 years, respectively, unanimously affirmed.

The court properly denied defendant's motion to suppress his statements to the police, notwithstanding that they were made while defendant was in custody, and before he received *Miranda* warnings. When defendant engaged in conduct clearly indicating that he had swallowed illegal drugs, a police lieutenant properly asked him what he had swallowed. The police intended to take defendant to a hospital, and the need for prompt and appropriate treatment once he arrived there dictated that the police obtain this information in order to be able to relay it to medical personnel, especially in the event that defendant lost consciousness. Accordingly, the lieutenant's question was necessary for processing defendant's arrest and providing for his physical needs; thus it did not require *Miranda* warnings regardless of whether it might lead to an incriminating response (*see People v Goodings*, 300 AD2d 50 [2002], *lv denied* 99 NY2d 628 [2003]). Defendant's argument that a detective's comment that defendant would be subject to a tampering charge was also the functional equivalent of interrogation is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see People v Rivers*, 56 NY2d 476 [1982]). Finally, we conclude that the voluntariness of defendant's spontaneous statements was not undermined by the circumstances that the statements occurred during a strip search, and that the police had used force in struggling with defendant in an effort to stop him from swallowing evidence. Moreover, these circumstances were entirely of defendant's own making.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). With regard to the sale conviction, there is no basis for disturbing the court's determinations concerning credibility and identification. The undercover officer made a reliable identification, and there is no merit to defendant's argument that the People did not establish a chain of custody for the drugs. With regard to the tampering with physical evidence conviction, defendant's conduct, with particular reference to his violent struggle with the police, made no sense whatsoever unless he was swallowing evidence (*see People v Green*, 54 AD3d 603 [2008], *lv denied* 11 NY3d 899 [2008]). In addition, defendant made incriminating statements to the police, which, as we have determined, were lawfully obtained, and made similar statements to medical personnel.

Defendant has not preserved his present objections to closing the courtroom during the undercover officer's testimony, or to having the undercover officer testify under his shield number, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The record supports each of these determinations (*see People v Ramos*, 90 NY2d 490, 499-500 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]; *People v Waver*, 3 NY3d 748, 750 [2004]), and there was no violation of defendant's rights to a public trial and to confront witnesses. Concur—Mazzarelli, J.P., Andrias, Friedman, Renwick and Freedman, JJ.