■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BROWN, Appellant. [8 NYS3d 49]—

Judgment, Supreme Court, New York County (Patricia Nunez, J., at diversion proceeding; Lewis Bart Stone, J., at plea and sentencing), rendered October 15, 2012, convicting defendant of criminal possession of stolen property in the third degree, and sentencing him to a term of 2⅓ to 7 years, unanimously affirmed.

The court properly denied defendant's motion to withdraw his guilty plea. The record establishes that the plea was knowingly, intelligently and voluntarily entered (*see People v Fiumefreddo*, 82 NY2d 536 [1993]). Defendant's claim that he was misled about his prospects of receiving judicial diversion under CPL 216.05 is refuted by the record. The plea court explained to defendant that diversion was not guaranteed, it made no representations about the likelihood of defendant's acceptance for diversion, and it specified the sentence defendant would receive in the event of his rejection. Defendant's claim of innocence was refuted by the thorough factual allocution conducted at the time of the plea.

Furthermore, the plea was not induced by an illegal or unfulfilled sentence promise. Defendant received the precise sentence he was warned to expect in the absence of diversion, and he has not demonstrated how he was prejudiced by being sentenced in accordance with his plea.

Defendant made a valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248 [2006]). Regardless of whether defendant validly waived his right to appeal, or whether the waiver forecloses review of the postplea denial of judicial diversion, we find that the diversion court properly exercised its discretion in determining that defendant was not a suitable candidate (*see People v O'Keefe*, 112 AD3d 524 [1st Dept 2013], *lv denied* 23 NY3d 1023 [2014]). Concur—Tom, J.P., Sweeny, Renwick and Andrias, JJ.