THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESMERLIN MERAN, Appellant. [38 NYS3d 189]—

Judgments, Supreme Court, New York County (Lewis Bart Stone, J.), rendered December 12, 2012, convicting defendant, after a jury trial, of tampering with physical evidence, and upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to an aggregate term of $1\frac{1}{3}$ to 4 years, unanimously affirmed.

Defendant did not make a valid waiver of his right to appeal either his trial or plea convictions, since the colloquy with defendant was inadequate and the written waivers failed to overcome this inadequacy. However, we find no basis for reversal of either conviction.

The verdict convicting defendant of evidence tampering was not against the weight of the evidence. After the codefendant cleaned a knife with which he stabbed one of the victims, defendant's acts of taking the knife, hiding it behind his leg and discarding it inside a restaurant supported the inference that he and intended to prevent the police from discovering the knife and using it in a criminal proceeding (see People v Hafeez, 100 NY2d 253, 259 [2003]; People v Wilkins, 111 AD3d 451, 451 [1st Dept 2013], lv denied 23 NY3d 1044 [2014]).

We find, based on our in camera review of sealed materials, that there was probable cause for the issuance of a search warrant. We decline to revisit this Court's prior order, which denied defendant's motion to unseal these materials.

Defendant claims that the trial court erred in excusing a sworn juror, allegedly without an adequate inquiry, based on the juror's scheduled surgery. However, the only relief defendant requests is dismissal of the indictment rather than a new trial, and he expressly requests this Court to affirm his conviction if it does not grant a dismissal. Since we do not find that dismissal of this felony charge would be appropriate, we affirm on this basis (see e.g. People v Teron, 139 AD3d 450 [1st Dept 2016]). In any event, defendant's claim is both unpreserved and unavailing. Concur—Friedman, J.P., Saxe, Moskowitz and Gische, JJ.