THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE BRUNNER, Appellant. [57 NYS3d 151]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at pretrial proceedings; Gregory Carro, J., at jury trial and sentencing), rendered March 3, 2015, convicting defendant of robbery in the second degree, burglary in the second and third degrees and criminal possession of stolen property in the fifth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 16 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (*People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. There was ample evidence to support the physical injury element of second-degree robbery and burglary. The jury was entitled to credit the victim's testimony that he sustained injuries to his tooth, left arm, lower back, and right knee when he fell while attempting to escape from defendant, that he sought medical treatment on the day of the incident, and that pain persisted for months after the incident (*see People v Guidice*, 83 NY2d 630, 636 [1994]).

The court did not deprive defendant of his right to represent himself, because defendant never made a clear and unequivocal request to proceed pro se (*see People v LaValle*, 3 NY3d 88, 106 [2004]; *People v Cornelius*, 132 AD3d 495 [1st Dept 2015], *lv denied* 26 NY3d 1087 [2015]; *People v Kelly*, 14 AD3d 390, 391 [1st Dept 2005], *lv denied* 4 NY3d 832 [2005]), and to the extent he could be viewed as requesting to represent himself, he abandoned the application (*see People v Hirschfeld*, 282 AD2d 337, 338-339 [1st Dept 2001], *lv denied* 96 NY2d 919 [2001], *cert denied* 534 US 1082 [2002]).

The court did not deprive defendant of his statutory right to plead guilty when it refused to allow him to do so while the People were in the process of obtaining a timely superseding indictment adding charges not contained in the original indictment. Under CPL 220.10 (2), a defendant "may as a matter of right enter a plea of 'guilty' to the entire indictment." However, under CPL 200.80, the People may file a superseding indictment "at any time before entry of a plea of guilty to an indictment or commencement of a trial," and a defendant may not exercise his or her right under CPL 220.10 (2) in a way that would nullify the People's rights under CPL 200.80 (*see People v Barkin*, 49 NY2d 901 [1980]). The People met the statutory requirements for superseding an indictment, and, contrary to defendant's assertion, they were not also required to show good cause, reasonableness or the absence of prejudice. Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.