THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO FLORES, Appellant. [62 NYS3d 47]—

Judgment, Supreme Court, New York County (Ann M. Donnelly, J. at hearing and plea; Ellen Biben, J. at sentencing), rendered October 26, 2015, convicting defendant, of manslaughter in the first degree, and sentencing him to a term of 17 years, unanimously reversed, on the law, the plea vacated, the motion to suppress statements defendant made at a police station granted, and the matter remanded for further proceedings.

The court properly denied defendant's motion to suppress a statement made at the scene of the incident. *Miranda* warnings were not required, because there was neither interrogation nor custody. The police officer's inquiry about "what happened" was not interrogation, but was for investigatory purposes and was intended to clarify the situation, where there was a stabbing victim one floor below defendant's apartment, and defendant had a wound on his arm and had blood on his boots (*see People v Valderas*, 7 AD3d 265, 265 [1st Dept 2004], *lv denied* 3 NY3d 649 [2004]). Furthermore, a reasonable innocent person in defendant's position would not have thought that he was in custody (*see People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]). The police did nothing to restrain defendant, and although at the time of the statement at issue, "[t]he police activity at the apartment was likely to have

conveyed the impression that an investigation was in progress, . . . there was no indication that the police had decided to arrest anyone" (*People v Radellant*, 105 AD3d 556, 557 [1st Dept 2013], *lv denied* 22 NY3d 1090 [2014]).

However, we find that the People failed to establish that defendant made a knowing and intelligent waiver of his *Miranda* rights before giving oral and written statements to a detective at the precinct. In a videotaped statement to the prosecutor, made several hours after the statements to the detective, defendant said, "I cannot pay for a lawyer, why do I write yes or no." The prosecutor then said, "[D]o you understand if you can't, the Court will give you one?," to which defendant responded, "[S]o I put no." After the prosecutor reread the warnings defendant stated, "[Y]es, I need to have a lawyer . . . I cannot pay a lawyer." The prosecutor next asked, "[B]ut do you understand that one will be provided if you cannot pay," and defendant again stated "yes, but I can't pay for a lawyer." Finally, the prosecutor told defendant, "[O]kay, so you can write 'yes' if you understand, and 'no' if you don't understand," and defendant said, "[Y]es, I do understand." Based on this exchange, the court correctly suppressed defendant's videotaped statement. Given defendant's failure to comprehend that he had the right to an attorney at the time of his statements if he could not afford one, it is evident that defendant's previous statement to the detective should also be suppressed (*see People v Adames*, 121 AD3d 507, 513-514 [1st Dept 2014]).

We find that the error was not harmless, because there is a reasonable possibility that it contributed to defendant's guilty plea (*see People v Wells*, 21 NY3d 716 [2013]). Concur—Friedman, J.P., Richter, Moskowitz and Gesmer, JJ.