Judgment, Supreme Court, New York County (Michael R. Sonberg, J. at suppression hearing; Jill Konviser, J. at plea and sentencing), rendered September 16, 2014, convicting defendant of robbery in the third degree, and sentencing him to a term of two to six years, unanimously affirmed.
 

 The court properly denied defendant’s motion to suppress the statement he made to a detective. Although defendant had previously invoked his right to counsel, the record supports the hearing court’s finding that the statement was spontaneous and not the product of interrogation or its functional equivalent. The detective’s only involvement in the case was to maintain custody of defendant while he was in a holding cell after his arrest by other officers. This detective merely attended to defendant’s needs and engaged him in innocuous social conversation that was unrelated to the case and that defendant had initiated. As soon as defendant blurted out an admission, the detective terminated the conversation. None of the detective’s conduct was reasonably likely to elicit an incriminating statement (see People v Rivers, 56 NY2d 476, 480 [1982]; People v Lynes, 49 NY2d 286, 294-295 [1980]).
 

 Concur — Sweeny, J.P., Renwick, Kapnick, Kern and Moulton, JJ.