The People of the State of New York, Respondent, v Johansel Marte-Tejada, Appellant. [60 NYS3d 681]—Judgment, Supreme Court, Supreme Court, New York County (Lewis Bart Stone, J., at speedy trial motions and jury trial; Jill Konviser, J., at sentencing), rendered October 15, 2013, as amended, January 30, 2014, convicting defendant of assault in the second degree and attempted assault in the second degree, and sentencing him to an aggregate term of six years, unanimously affirmed.

The court properly denied defendant's speedy trial motions. Except as to a five-day period where the People concede includability on appeal, the record supports the court's findings of excludability, including a finding in which it providently disregarded the People's erroneous concession (*see e.g. People v Wells*, 16 AD3d 174 [1st Dept 2005], *lv denied* 5 NY3d 796 [2005]). Each of the periods of delay contested by defendant on appeal was the result of motions or other proceedings (*see* CPL 30.30 [4] [a]), or were attributable to defendant (CPL 30.30 [4] [b]) or a codefendant (CPL 30.30 [4] [d]). We decline to reach the People's argument that the court should have excluded an additional period.

With regard to the attempted assault charge the court correctly declined to charge justification, or to submit attempted third-degree assault as a lesser included offense. There was no reasonable view of the evidence, considered in the light most favorable to defendant (*see generally People v Watts*, 57 NY2d 299, 301 [1982]; *People v Scarborough*, 49 NY2d 364, 371-374 [1980]), that at the time defendant broke a glass bottle over the victim's head, the victim reasonably appeared to pose any threat to defendant, either personally or by aiding other persons, or that the bottle, as used, did not constitute a dangerous instrument.

The court properly replaced a sworn juror for medical reasons. Defendant's challenge to the discharge is similar to an argument raised on a codefendant's appeal (*People v Meran*, 143 AD3d 423 [1st Dept 2016], *lv denied* 28 NY3d 1074 [2016]), where, in an alternative holding, we found that argument unavailing, and we see no reason to reach a different conclusion here.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Mazzarelli, Andrias, Oing and Singh, JJ.