■ The People of the State of New York, Respondent, v Lenard Berrian, Appellant. [61 NYS3d 481]—

Judgment, Supreme Court, New York County (Laura A. Ward, J. at plea, sentencing and resentencing; Eduardo Padró, J. at diversion proceedings), rendered December 28, 2015, as amended May 31, 2016, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of three years, unanimously affirmed.

Defendant's challenges to the voluntariness of his plea are waived because he declined the resentencing court's offer of an opportunity to withdraw the plea, and we reject defendant's arguments to the contrary. In any event, since defendant did not raise the specific claims he raises on appeal during his initial plea withdrawal motion or at any other juncture, those claims are unpreserved (*see People v Conceicao*, 26 NY3d 375, 381-382 [2015]), and we decline to review them in the interest of justice. As an alternative holding, we find that the record as a whole demonstrates that defendant's plea was knowing, intelligent, and voluntary. "The plea court explained to defendant that diversion [under CPL 216.05] was not guaranteed, it made

no representations about the likelihood of defendant's acceptance for diversion, and it specified the sentence defendant would receive in the event of his rejection" (*People v Brown,* 127 AD3d 498, 498 [1st Dept 2015], *affd* 28 NY3d 982 [2016]).

As to defendant's requests to proceed pro se, defendant acquiesced to continued representation by counsel at subsequent proceedings (*see People v Brunner,* 151 AD3d 651 [1st Dept 2017]; *People v Little,* 151 AD3d 531 [1st Dept 2017]). Moreover, defendant's requests were made in the context of also requesting a new lawyer (*see People v LaValle,* 3 NY3d 88, 105-107 [2004]). Accordingly, under the circumstances here, the court did not commit reversible error.

Defendant made a valid waiver of his right to appeal (*see People v Bryant,* 28 NY3d 1094 [2016]), which forecloses review of his remaining arguments. Regardless of whether defendant validly waived his right to appeal, we find his remaining arguments unavailing. Concur—Friedman, J.P., Richter, Moskowitz and Gesmer, JJ.