People v Jordan (2018 NY Slip Op 00010)





People v Jordan


2018 NY Slip Op 00010


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Manzanet-Daniels, J.P., Mazzarelli, Andrias, Gesmer, Oing, JJ.


5322 970/13

[*1]The People of the State of New York, Respondent,
v
Tony Jordan, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Rachel T. Goldberg of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Gliner of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J. at suppression hearing; Bruce Allen, J. at jury trial and sentence), rendered August 12, 2014, convicting defendant of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an aggregate term of seven years, unanimously affirmed.
The verdict was not against the weight of the evidence
(see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. In addition to the presumption of possession of firearms by all occupants of an automobile in which the weapons are found (Penal Law § 265.15 [4]), there was compelling circumstantial evidence, including the presence of defendant's DNA, that connected defendant with a pistol and a revolver found in his own bag. The evidence supports the jury's rejection of defendant's claim that other persons placed the weapons in his bag without his knowledge.
Even assuming that defendant's comments — amidst numerous complaints about defense counsel, the prosecutor, the court, and the prosecution witnesses — that he wanted to cross-examine witnesses himself and act on his own behalf can be construed as an unequivocal request to proceed pro se, which ordinarily triggers further inquiry (see e.g. People v McIntyre, 36 NY2d 10, 17 [1974], he nevertheless abandoned any such request (see People v Gillian, 8 NY3d 85, 88 [2006]; People v Graves, 85 NY2d 1024, 1027 [1995]; People v Berrian, 154 AD3d 486 [1st Dept 2017]; People v Hirschfeld, 282 AD2d 337, 339 [1st Dept 2001], lv denied 96 NY2d 919 [2001], cert denied 534 US 1082 [2002]).
The hearing court providently exercised its discretion in declining to adjourn the suppression hearing from the morning to afternoon, after denying counsel's motion to withdraw. Counsel had been retained one month earlier, and was aware of the scheduled hearing date. The court noted that only one witness would testify, and counsel acknowledged that he had reviewed the Rosario material. The record does not support defendant's claim that counsel needed more time to prepare adequately for this simple hearing.
To the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). There is no indication that defense counsel rendered constitutionally deficient assistance at the suppression hearing. The record does not establish that defendant would have prevailed on any suppression theory he now claims should have been advanced by counsel, and fails to negate strategic explanations for counsel's conduct of the hearing. We have considered and rejected defendant's ineffective assistance claims relating to counsel's failure to make certain objections during trial.
Defendant did not preserve his challenges to certain testimony by a detective and to portions of the prosecutor's summation, and we decline to review them in the interest of justice. [*2]As an alternative holding, we find no basis for reversal. To the extent there were any improprieties, they were not so egregious or prejudicial as to warrant reversal in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK