People v Clarke (2018 NY Slip Op 00472)





People v Clarke


2018 NY Slip Op 00472


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Manzanet-Daniels, J.P., Gische, Tom, Gesmer, Singh, JJ.


5513 1343/11

[*1]The People of the State of New York, Respondent,
v
Robert Clarke, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Eunice Lee of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Catherine M. Reno of counsel), for respondent.



Judgment, Supreme Court, Bronx County (April A. Newbauer, J.), rendered February 25, 2014, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.
The court properly denied defendant's motion to suppress statements. The first statement, made outside defendant's home, in response to an officer's inquiry as to "what happened," did not require Miranda warnings because it was not the product of interrogation, and because defendant was not in custody (see People v Flores, 153 AD3d 1186 [1st Dept 2017]; People v Santiago, 77 AD3d 422 [1st Dept 2010], lv denied 15 NY3d 955 [2010]; People v Taylor, 57 AD3d 327 [1st Dept 2008], lv denied 12 NY3d 860 [2009]).
Although several officers were present, they did not have their guns drawn, did not handcuff or restrain defendant in any way, and did not otherwise create a coercive or police-dominated atmosphere (see Matter of Kwok T., 43 NY2d 213, 219 [1977]; People v Rodney P. [Anonymous], 21 NY2d 1, 9-10 [1967]). A reasonable innocent person in defendant's position would not have thought that he was in custody (see People v Yukl, 25 NY2d 585 [1969], cert denied 400 US 851 [1970]), but rather "that the police were still in the process of gathering information about the alleged incident prior to taking any action" (People v Dillhunt, 41 AD3d 216, 217 [1st Dept 2007], lv denied 10 NY3d 764 [2008]). The officer's expectation that defendant would be arrested, based on the victim's complaint, was not conveyed to defendant. "A policeman's unarticulated plan has no bearing on the question whether a suspect was in custody' at a particular time; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation" (Berkemer v McCarty, 468 US 420, 442 [1984]; see also Stansbury v California, 511 US 318, 325 [1994]; United States v Mendenhall, 446 US 544, 554 n 6 [1980]).
Because the first statement was lawfully obtained, there is no basis for suppression of defendant's subsequent statement, which was entirely spontaneous.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The element of physical injury was satisfied by proof showing that the victim received stitches, and had a scar at the time of trial, which establishes impairment of physical condition (see People v Tejeda, 78 NY2d 936 [1991]). That element was also satisfied by proof that defendant stabbed the victim in the shoulder, creating a one-inch wound, "a lot" of bleeding, and a reported pain level of "5 out of 10," which permits an inference of substantial, or "more than slight or trivial" pain (People v Chiddick, 8 NY3d 445, 447 [2005]; see also People v Rojas, 61 NY2d 726, 727-728 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK