The People of the State of New York, Respondent,
against
John Bass, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Steven M. Statsinger, J.), rendered March 9, 2017, after a jury trial, convicting him of driving while impaired, and imposing sentence.




Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered March 9, 2017, affirmed.
The verdict convicting defendant of driving while ability impaired (see Vehicle and Traffic Law § 1192[1]) was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its assessment of police testimony that after defendant drove his vehicle into the center median, resulting in the front bumper being "smashed" and the front wheels "elevated from the ground," he exhibited visible signs of intoxication (see People v Reyes, 136 AD3d 443 [2016]; see also People v Cruz, 48 NY2d 419, 426-427 [1979], appeal dismissed 446 US 901 [1980]).
The court properly denied defendant's motion to suppress his statements to the police. The officer's question whether defendant "was okay" and "needed medical attention," to which defendant responded that he "had a couple of beers," was not interrogation, but was intended to clarify the situation, including defendant's physical condition, where defendant had been in an accident and was observed laying down in the holding cell (see People v Valderas, 7 AD3d 265 [2004], lv denied 3 NY3d 649 [2004]). Thus, the question did not require Miranda warnings regardless of whether it might lead to an incriminating response (see People v Coleman, 63 AD3d 416 [2009], lv denied 13 NY3d 835 [2009]; People v Goodings, 300 AD2d 50 [2002], lv denied 99 NY2d 628 [2003]).
The record also supports the hearing court's finding that defendant's second statement in the police car was spontaneous and not the product of either direct or indirect police questioning, [*2]since neither officer was speaking to defendant or asking him questions when defendant blurted out that he had been "out with a couple of his buddies drinking" (see People v Rivers, 56 NY2d 476, 480 [1982]; People v Herrera, 153 AD3d 1173 [2017], lv denied 30 NY3d 1061 [2017]; People v Padgett, 145 AD2d 443, 444 [1988], lv denied 73 NY2d 894 [1989]).
The court properly denied defendant's challenge for cause to a prospective juror, since the totality of the panelist's responses did not call into question his ability to reach a fair and impartial verdict (see People v Arnold, 96 NY2d 358, 362 [2001]). The panelist agreed that, notwithstanding his opinion that years ago a friend had gotten off "scot-free" after being pulled over, he could follow the court's instructions and legal definitions, and render an impartial verdict (see People v Chambers, 97 NY2d 417, 419 [2002]).
Defendant claims that the court violated his rights under the Confrontation Clause when it admitted a portion of a video of the breathalyzer and coordination tests without the testimony of the officer who administered the tests. However, the only relief defendant requests is dismissal of the accusatory instrument rather than the appropriate remedy of a new trial (see generally People v Cedeno, 27 NY3d 110, 123 [2016], cert denied 137 S Ct 205 [2016]), and he expressly requests that this court affirm his conviction if it does not grant a dismissal. Since we do not find that dismissal would be appropriate, we affirm on this basis (see People v Meran, 143 AD3d 423 [2016], lv denied 28 NY3d 1074 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 30, 2018