People v Marte (2018 NY Slip Op 08242)





People v Marte


2018 NY Slip Op 08242


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Acosta, P.J., Renwick, Mazzarelli, Gesmer, Singh, JJ.


7773 2357/10 6518/10

[*1]The People of the State of New York, Respondent,
v
Johansel Marte, Defendant-Appellant.


Holland & Knight, LLP, New York (Philip George of counsel), for appellant.
Johansel Marte, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Christopher P. Marinelli of counsel), for respondent.



Judgment, Supreme Court, New York County (Lewis Bart Stone, J. at speedy trial motions and jury trial; Jill Konviser, J. at sentencing), rendered October 15, 2013, as amended October 21, 2013, convicting defendant of assault in the first degree (two counts) and attempted assault in the second degree, and sentencing him to an aggregate term of 14 years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's repeated motions for a mistrial, made on the ground that counsel for a jointly tried codefendant was allegedly acting as a "second prosecutor" against defendant. The defenses were not irreconcilable and did not warrant a severance (see People v Mahboubian, 74 NY2d 174 [1989]). The complained-of conduct by the codefendant's counsel essentially constituted an attempt to show that this codefendant did not act in concert with the others. This was not incompatible with defendant's defense, and the codefendant's counsel neither elicited inadmissible evidence against defendant nor caused any other prejudice.
Defendant did not preserve his specific challenges to the court's rulings, in deciding defendant's speedy trial motions, regarding the excludability of periods of delay, or his challenge to the court's discharge of a sworn juror for medical reasons, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. These unpreserved arguments, as well as defendant's preserved argument that the court should have granted his request for a justification charge, are all generally similar to arguments this Court has already rejected on the codefendants' appeals (People v Marte-Tejada, 153 AD3d 1210 [1st Dept 2017], lv denied 30 NY3d 1107 [2018]; People v Meran, 143 AD3d 423 [1st Dept 2016], lv denied 28 NY3d 1074 [2016]), and we find no reason to reach any different conclusions here.
We have considered and rejected defendant's pro se claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK