The People of the State of New York, 
against
Sheila Whitaker, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Steven M. Statsinger, J.), rendered April 25, 2017, after a nonjury trial, convicting him of driving while impaired, and imposing sentence.




Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered April 25, 2017, affirmed. 
The court properly denied defendant's motion to suppress her statement to police. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Martin, 112 AD3d 453, 454 [2013]). Defendant's statement that she "had a glass of wine earlier that night, around 8:00 p.m.," made in response to an officer's inquiry immediately after defendant drove her vehicle into the back of a taxi, did not require Miranda warnings because defendant was not in custody (see People v Flores, 153 AD3d 1186 [2017]; People v Santiago, 77 AD3d 422 [2010], lv denied 15 NY3d 955 [2010]). Although several officers were present, they had not handcuffed or restrained defendant in any way, and did not otherwise create a coercive or police-dominated atmosphere (see Matter of Kwok T., 43 NY2d 213, 218 [1977]). Since the officer's expectation of an arrest was not conveyed to defendant, a reasonable innocent person in defendant's position would not have thought she was in custody (People v Yukl, 25 NY2d 585 [1969], cert denied 400 US 851 [1970]), but rather "that the police were still in the process of gathering information about the alleged incident prior to taking any action" (see People v Dillhunt, 41 AD3d 216, 217 [2007], lv denied 10 NY3d 764 [2008]; see also People v Bennett, 70 NY2d 891, 893-894 [1987]; People v Myers, 1 AD3d 382, 383 [2003], lv denied 1 NY3d 631 [2004]).
Furthermore, assuming without deciding that the court erroneously denied defendant's motion to suppress her refusal to submit to a chemical breath test (see generally People v Johnson, 31 NY3d 942 [2018]), any such error was harmless in view of the overwhelming evidence, independent of the refusal, that defendant drove while her ability was impaired by alcohol (see People v Crimmins, 36 NY2d 230 [1975]; People v Lizaldo, 124 AD3d 432 [2015], lv denied 26 NY3d 931 [2015]), including the credited police testimony that defendant rear-ended the stopped car at a red light, that she smelled of alcohol and had "watery, bloodshot eyes," and admitted that she consumed alcohol. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 02, 2019