The People of the State of New York, Respondent,
against
Serrice Holman, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Joanne B. Watters, J.), rendered June 28, 2018, after a nonjury trial, convicting her of attempted assault in the third degree and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Joanne B. Watters, J.), rendered June 28, 2018, affirmed.
Defendant's claim that the evidence was legally insufficient to establish the intent elements of attempted third-degree assault (see Penal Law §§ 110.00, 120.00[1]) and second-degree harassment (see Penal Law § 240.26[1]) is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis upon which to disturb the trial court's determinations concerning credibility. The evidence warranted the conclusion that when defendant yelled and cursed at the complainant, then struck her in the face and pushed her head back, causing redness, swelling and a laceration to complainant's lip, defendant did so with the intent to cause physical injury (see Matter of Edward H., 61 AD3d 473 [2009]; Matter of Marcel F., 233 AD2d 442, 442-443 [1996]), and with the intent to harass, annoy and alarm (see People v Mack, 76 AD3d 467, 468 [2010], lv denied 15 NY3d 922 [2010]).
The court properly denied defendant's motion to suppress her statement that she hit the victim first and then the victim hit her back. Again, no basis is shown to disturb the court's determinations concerning credibility. Although the statement was made while defendant was in custody and before she received Miranda warnings, the record supports the hearing court's finding that the statement was spontaneous and not the product of interrogation or its functional equivalent (see People v Campney, 94 NY2d 307, 314 [1999]; People v Herrera, 153 AD3d 1173 [2017], lv denied 30 NY3d 1061 [2017]). 
The court did not deprive defendant of her right to represent herself, because defendant never made a clear and unequivocal request to proceed pro se (see People v LaValle, 3 NY3d 88, 106 [2004]). Rather than being unequivocal, the defendant's single inquiry about self-representation "was made in the context of a claim of dissatisfaction with counsel" (People v Scivolette, 40 AD3d 887, 887 [2007]; see People v LaValle, 3 NY3d at 106; People v Brunner, 151 AD3d 651, 652 [2017], lv denied 30 NY3d 1058 [2017]). In any event, defendant abandoned her request to appear pro se when she did not raise it again after being assigned new 18B counsel (see People v Gillian, 8 NY3d 85, 88 [2006]; People v Hirschfeld, 282 AD2d 337, 339 [2001], lv denied 96 NY2d 919 [2001], cert denied 534 US 1082 [2002]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: April 27, 2020