People v Velez (2022 NY Slip Op 00362)





People v Velez


2022 NY Slip Op 00362


Decided on January 20, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 20, 2022

Before: Kapnick, J.P., Singh, Moulton, Shulman, Higgitt, JJ. 


Ind. No. 967/16 Appeal No. 15125 Case No. 2018-694 

[*1]The People of the State of New York, Respondent,
v
Kurby Velez, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Hannah Gladstein of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered June 19, 2017, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of two years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's motion to withdraw his plea. The record establishes that the plea was knowing, intelligent and voluntary, and it fails to support defendant's claim that his medications or mental condition undermined the voluntariness of the plea (see People v Alexander, 97 NY2d 482 [2002]). Notably, defense counsel raised no issue with respect to defendant's fitness to proceed at the plea proceeding (see People v Ragin, 136 AD3d 426 [1st Dept 2016], lv denied 27 NY3d 1074 [2016]), and the plea court, after listening to and observing defendant during the plea proceeding, determined, among other things, that "he [wa]s sufficiently competent to proceed with the plea." Defendant's factual allocution, viewed as a whole, refuted his claim of innocence. The prosecution's failure to disclose the undercover officer's misidentifications of sellers in unrelated cases did not warrant withdrawal of the plea, because the misidentifications would not have "materially affected [defendant's] decision to plead guilty rather than proceed to trial" (see People v Martin, 240 AD2d 5, 9 [1st Dept 1998], lv denied 92 NY2d 856 [1998]). Among other things, defendant received the minimum available prison term, and the officer's identification was corroborated by the fact that a different officer recovered prerecorded buy money from defendant.
Defendant has not preserved his claim that his plea was involuntary because the court required him to plead guilty before ordering an evaluation for judicial diversion (see People v Conceicao, 26 NY3d 375, 381-382 [2015]), and we decline to review his claim in the interest of justice. As an alternative holding, we find that the condition imposed by the court did not render the plea involuntary. The plea court explained to defendant that he was "highly unlikely" to be accepted for diversion, and it specified the sentence defendant would receive in the event of his rejection (see People v Berrian, 154 AD3d 486 [1st Dept 2017], lv denied 30 NY3d 1103 [2018]; People v Brown, 127 AD3d 498, 498 [1st Dept 2015], affd 28 NY3d 982 [2016]).
We perceive no basis for reducing the three-year postrelease supervision component of the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 20, 2022