| People v Jianqiao Lu |
|:---:|
| 2023 NY Slip Op 34735(U) |
| November 2, 2023 |
| Supreme Court, Westchester County |
| Docket Number: Ind. No. 23-70515-001 |
| Judge: Robert A. Neary |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

FILED
AND
ENTERED
ON _11-2-_20_23_
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

------------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

- against -

JIANQIAO LU,

Defendant.

------------------------------------------------------------------X

DECISION AND ORDER

Ind. No. 23-70515-001

NEARY, J.

The following constitutes the opinion, decision and order of the Court:

The defendant has been indicted for the crimes of Criminal Possession of a Weapon in the First Degree, Criminal Possession of a Weapon in the Second Degree and Criminal Possession of a Weapon in the Third Degree. It is alleged that on or about October 25, 2021, the defendant did possess numerous firearms and large capacity ammunition feeding devices.

FILED
NOV - 2 2023
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

The defendant claiming to be aggrieved by the improper or unlawful acquisition of evidence has moved to suppress a statement allegedly made by him on October 25, 2021 at 12:26 P.M. on the ground that the statement was involuntary and made without the benefit of the *Miranda* warnings.

The People must establish the voluntariness of the statement attributed to the defendant beyond a reasonable doubt before it is admissible at trial.

By decision of this Court dated June 6, 2023, pre-trial *Huntley* and *Sandoval/Ventimiglia* hearings were ordered. On November 1, 2023 a hearing was held to address the *Huntley/Dunaway* issues. The *Sandoval/Ventimiglia* hearing was adjourned until immediately before jury selection.

At the hearing, the People called as a witness Hastings-on-Hudson Lieutenant Robert Gagliardi. The Court finds the testimony of the People's witness to be candid, plausible and fully credible. The defense presented no witnesses and offered no evidence. The People's exhibits included a search warrant and supporting affidavit relating to the defendant, his residence and several vehicles. This Court makes the following Findings of Facts and Conclusions of Law:

## FINDINGS OF FACTS

On the afternoon of October 25, 2021, New York Police Department detectives and officers from the Hastings-on-Hudson Police Department executed a valid search warrant (People's Exhibit 1) at 9 Holly Place in the Westchester Village of Hastings.

The warrant named the defendant, his residence and several vehicles as the person and places to be searched.

In preparation for the execution of the warrant and awaiting the arrival of the New York Police Department personnel, Hastings-on-Hudson Police then Sergeant Robert Gagliardi set up a physical surveillance on the above-mentioned two family premises.

At about 12:20 P.M. on that afternoon, Sergeant Gagliardi observed the defendant exit the 9 Holly Place building and took him into custody. Upon securing the defendant, Sergeant Gagliardi asked the defendant if there was anyone else in his apartment and the defendant responded, in substance, that there was no one in the residence except his two (2) cats.

## CONCLUSIONS OF LAW

### *Dunaway* Issue

The probable cause standard is a nonmechanical concept that deals with the factual and practical considerations of everyday life on which prudent and reasonable men, not legal technicians, act. [See *Maryland v. Pringle*, 54 US 366, 370]. What is required is simply a reasonable ground for belief of guilt. It is a probability not a certainty or even a *prima facie* case. [See *Illinois v. Gates*, 462 US 213, 235]. A police officer may draw inferences based upon his own experiences and training to determine whether probable cause exists. He may also rely on information provided to him from brother officers whether supplied orally or in writing. [See *People v. Ketcham*, 93 NY2d 416, 419; *People v. Mitchell*, 124 AD3d 912, 914].

The fellow officer rule applies in this case since Sergeant Gagliardi took the defendant into custody based upon the written reports of, and conversations with, Officer John Chilelli, a member of the New York Police Department Intelligence Unit, who provided detailed information about the defendant's apparent illegal activities involving credit card fraud and likely illegal possession of firearms. In addition to discussing the evidence of the defendant's suspicious conduct with Officer Chilelli, Sergeant Gagliardi reviewed the search warrant and affidavit (People Exhibit 1) issued on October 18, 2021 by New York City Criminal Court Judge Paul McDonnell upon a showing of reasonable cause to believe evidence of a crime would be found on the defendant and within his residence and vehicle(s).

### *Huntley* Issue

The statement attributed to the defendant that there were only his two (2) cats in the apartment does not seem, on its face, to be inculpatory. Nor does it appear to the Court that it was prompted by any interrogation or its functional equivalent requiring administration of the *Miranda* rights.

In determining the voluntariness of a statement, the Court must look at all the relevant factors, and all facts and circumstances must be weighted and considered. [See *People v. Carbonaro*, 48 Misc.2d 115, *aff'd* 21 NY2d 271, re-argument denied 21 NY2d 1040]. Further, the Court is entitled to view the evidence in the light most favorable to the People. [See *People v. Huber*, 144 AD2d 583].

[* 4]

Miranda warnings are required when an individual is in custody and being interrogated. In this case, while the defendant could be considered in custody, his statement was not prompted by a question amounting to interrogation. The Court views Sergeant Gagliardi's question regarding any persons within the premises, as a good faith effort to clarify an evolving situation and provide an assessment of what officers executing a "No-Knock" search warrant involving, among other things, suspected firearms possession, might encounter. Sergeant Gagliardi's sole focus at that point appears to be the safety of his fellow officers rather than a ruse to extract an admission from the defendant. [See *People v. Flores*, 153 AD3d 1186; *People v. Williams*, 97 AD3d 769].

Therefore, the defendant's motion to suppress the noticed statement is denied in its entirety.

This constitutes the opinion, decision and order of this Court.

Dated: White Plains, New York
November 2, 2023

_____
ROBERT A. NEARY
SUPREME COURT JUSTICE

Catalin a Blanco Buitrago
Annmarie Stepancic
Assistant District Attorneys
Westchester County
Office of the District Attorney
Richard J. Daronco Courthouse
111 Martin Luther King Blvd.
White Plains, New York 10601

Jianqiao Lu
Inmate No. 265008
*Por Se* Defendant
Westchester County Jail
PO Box 10
Valhalla, New York  10595

[* 6]