■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL J. GLENN, Also Known as JAMES J. GLENN, Appellant. [616 NYS2d 993] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered August 12, 1993, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence seized pursuant to a search warrant.

Ordered that the judgment is affirmed.

The Supreme Court properly concluded that the search warrant issued for the defendant's apartment was supported by probable cause. Contrary to the defendant's contention, the reliability of the confidential informant upon whose information the search warrant was granted was sufficiently demonstrated in the warrant application. The informant had previously provided reliable information to the police on several occasions, and at the behest of the investigating officers conducted a controlled purchase of narcotics from the defendant in this case (*Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *People v Whitt,* 203 AD2d 606; *People v Proctor,* 155 AD2d 624). Moreover, the statements of the informant that the basis for his information was the direct purchase of drugs from the defendant at his home were sufficient to establish the basis of his knowledge (*see, People v Bigelow,* 66 NY2d 417; *People v Johnson,* 66 NY2d 398; *People v Reichbach,* 131 AD2d 515). Thompson, J. P., Sullivan, Altman and Goldstein, JJ., concur.