■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL WILLIAMS, Appellant. [632 NYS2d 662] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered April 19, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant shot and killed one of the owners of a social club in Brooklyn in retaliation for having been barred from the club. On appeal, the defendant argues that the admission into evidence of the identification testimony of a prosecution witness in violation of a ruling by the court suppressing such testimony requires reversal of his conviction.

The People gave the defendant notice pursuant to CPL 710.30, inter alia, that an unnamed party, who was later revealed to be the witness in question, had identified him during a station-house showup and that he would be identifying the defendant at trial. In response, the defendant moved to suppress the identification testimony on the ground that it was the product of an unduly suggestive identification procedure. When the People failed to respond to the defendant's motion, the court directed that a Wade hearing be held. (We note that the People never argued that the witness's identification was merely confirmatory despite evidence to support such an argument [see, People v Rodriguez, 79 NY2d 445].) When the People were unable to produce the witness at the hearing, the court suppressed his identification testimony. However, despite the court's ruling, the witness, over the objection of defense counsel, identified the defendant at trial as the person whom he had seen fleeing the scene of the crime with a gun in his hand immediately after the shooting. The admission into evidence of this testimony was error.

However, at trial, the People presented the testimony of an eyewitness to the shooting who had worked at and frequented the social club. She had known the defendant since 1989 and had seen him three to four times a week at the club. At the time of the shooting, she was making a telephone call in the

club. From a distance of 10 feet away, she saw the defendant enter the club with a machine gun in his hands, taunt the victim, and shoot him multiple times in the head and body before fleeing. She had also witnessed several other confrontations between the defendant and the club's owners and described the defendant's violent reaction to being barred from the club. In addition, the People presented the testimony of one of the owners of the club that also chronicled the confrontations between the defendant and the club's owners. In light of this overwhelming evidence of guilt, the error in admitting the suppressed identification testimony was harmless beyond a reasonable doubt *(see, People v Fluitt,* 80 NY2d 949; *People v Manson,* 176 AD2d 294). Balletta, J. P., Thompson, Ritter and Florio, JJ, concur.