■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN HINES, Appellant. [691 NYS2d 161] —Appeal by the defendant from a judgment of the County Court, Westchester County (Smith, J.), rendered March 4, 1996, convicting him of

criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree (three counts), and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Murphy, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the search warrant issued in this case was supported by probable cause. The reliability of the confidential informant, upon whose information the search warrant was granted, was sufficiently demonstrated in the warrant application. The informant had previously provided reliable narcotics information to the police on several occasions, leading to arrests. At the behest of the investigating officers, and under their supervision, he conducted a purchase of narcotics from the defendant in this case (*see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *People v Williams,* 220 AD2d 710; *People v Glenn,* 207 AD2d 909). Moreover, the basis for the informant's information was his observation of drug selling by the defendant, and his direct purchase of drugs from the defendant (*see, People v Bigelow,* 66 NY2d 417; *People v Johnson,* 66 NY2d 398).

The defendant's remaining contentions are without merit. Bracken, J. P., Thompson, Sullivan and Friedmann, JJ., concur.