■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIEN O. WILLIAMS, Appellant. [778 NYS2d 703]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered February 15, 2000, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The nonaccomplice testimony provided by the driver of the van and the police was sufficient to corroborate the accomplice's testimony (*see* CPL 60.22 [1]; *People v Besser,* 96 NY2d 136, 143-144 [2001]; *People v Steinberg,* 79 NY2d 673, 683 [1992]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, the search warrant issued in this case was supported by probable cause (*see People v Hines,* 262 AD2d 423 [1999]; *People v Glenn,* 207 AD2d 909 [1994]), and no *Darden* hearing (*see People v Darden,* 34 NY2d 177 [1974]) was required (*see People v Farrow,* 98 NY2d 629, 631 [2002]; *People v Serrano,* 93 NY2d 73, 77 [1999]; *People v Lowen,* 100 AD2d 518, 519 [1984]). Further, as there were no facts and circumstances in the record supporting a prima facie case (*see People v Smocum,* 99 NY2d 418, 421 [2003]; *People v Childress,* 81 NY2d 263, 266-267 [1993]; *People v Rodriguez,* 272 AD2d 482 [2000]), the court properly rejected the defendant's *Batson* challenge (*see Batson v Kentucky,* 476 US 79 [1986]), which was based on the prosecutor's exercise of a peremptory challenge to the only black juror on the panel.

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Florio, J.P., Luciano, Townes and Fisher, JJ., concur.