People v Mansilla (2020 NY Slip Op 05531)





People v Mansilla


2020 NY Slip Op 05531


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-12133
 (Ind. No. 5248/14)

[*1]The People of the State of New York, respondent,
v
Jonathan Mansilla, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Jordan Cerruti of counsel), for respondent.



DECISION & ORDER
Appeal by defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Guidice, J.), rendered November 7, 2016, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
According to eyewitness testimony offered at trial, on June 27, 2014, at approximately 1:00 a.m., the defendant consumed several beers, expressed a desire to stab a certain other person who was not involved in the night's events, and boasted about his membership in a gang. Shortly after 2:00 a.m., the defendant encountered a different man (hereinafter the victim) on the street, engaged in a verbal altercation and then a fist fight with the victim, then chased after the victim as he attempted to leave, stabbed the victim once in the chest, approached the victim as he lay bleeding in the street, and kicked the victim repeatedly in the head. The victim died from the stab wound to his chest. The defendant was arrested, and at 6:43 a.m. his blood alcohol level was tested and found to be approximately twice the legal limit to drive. His urine was tested at 12:41 p.m. and was found to contain oxicodone. The defendant was charged, inter alia, with second degree murder.
In addition to the testimony of five eyewitnesses, and the testimony regarding the testing of the defendant's blood and urine, the People's evidence included, among other things, security camera footage capturing the incident, testimony from law enforcement officials involved in investigating the crime and apprehending the defendant, and testimony from a criminologist regarding DNA recovered from the defendant's clothing.
The defense's theory at trial was that the defendant was too intoxicated to form the intent to commit murder.
The defendant was convicted, upon a jury verdict, of murder in the second degree. Based upon the jury's verdict, the evidence presented, the presentence investigation report, and [*2]statements made at sentencing, the Supreme Court sentenced the defendant to an indeterminate term of imprisonment of 23 years to life.
Contrary to the defendant's contention, the Supreme Court did not err in denying, after a hearing, that branch of his omnibus motion which was to suppress a statement he made to law enforcement officials while he was being apprehended and before he was informed of his Miranda rights (see Miranda v Arizona, 384 US 436). "Miranda warnings are required only when a suspect is subjected to 'custodial interrogation,' which, by definition, entails both 'custody' and 'interrogation'" (People v Valentin, 118 AD3d 823, 824, citing People v Huffman, 41 NY2d 29, 33 [emphasis omitted]). Assuming, as the defendant here contends, that his statement was made in response to the apprehending officer asking, upon first encountering the defendant, "What happened?," such a question did not constitute an interrogation, but rather was an attempt to clarify the situation, and therefore did not require that the defendant be advised of his Miranda rights (see People v Flores, 153 AD3d 1186, 1186-1187; People v Valentin, 118 AD3d at 824; People v Williams, 97 AD3d 769, 769). In any event, any error by the court in permitting testimony as to the defendant's statement, which consisted of the defendant stating that the victim provoked him and that the police should check the cameras on the street where the crime occurred, constituted harmless error. The evidence of the defendant's guilt was overwhelming, and there is no reasonable possibility that any error in admitting the defendant's statements could have contributed to the defendant's conviction (see People v Hillard, 151 AD3d 743, 744; People v Reardon, 124 AD3d 681, 684).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's contention, raised in Point III of his pro se supplemental brief, that the Supreme Court abused its discretion in permitting testimony relating to the defendant's gang affiliation, is without merit. The testimony was relevant to establish the defendant's motive and intent and to explain the sequence of events (see People v Oliver, 19 AD3d 512, 512-513; People v Connally, 105 AD2d 797, 798), and the prejudicial effect did not outweigh its probative value (see People v Sosa-Marquez, 177 AD3d 1003, 1004-1105; People v Sarkodie, 172 AD3d 909, 911).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court