People v Baptiste (2022 NY Slip Op 02427)

People v Baptiste

2022 NY Slip Op 02427

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2018-03030
 (Ind. No. 396/16)

[*1]The People of the State of New York, respondent,
v
Anthony H. Baptiste, appellant.

Mark Diamond, New York, NY, for appellant, and appellant pro se.
Raymond A. Tierney, District Attorney, Riverhead, NY (Michael J. Brennan, Thomas Costello, Glenn Green, and Kathleen Becker Langlan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered December 15, 2017, convicting him of operating as a major drug trafficker, criminal possession of a controlled substance in the first degree, criminal sale of a controlled substance in the first degree, conspiracy in the second degree, criminal sale of a controlled substance in the second degree (two counts), criminal possession of a controlled substance in the third degree (six counts), and criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 15 years to life on the conviction of operating as a major drug trafficker, a determinate term of imprisonment of 10 years to be followed by a period of postrelease supervision of 5 years on the conviction of criminal possession of a controlled substance in the first degree, a determinate term of imprisonment of 10 years to be followed by a period of postrelease supervision of 5 years on the conviction of criminal sale of a controlled substance in the first degree, an indeterminate term of imprisonment of 6 to 18 years to be followed by a period of postrelease supervision of 5 years on the conviction of conspiracy in the second degree, a determinate term of imprisonment of 10 years to be followed by a period of postrelease supervision of 5 years on the conviction of criminal sale of a controlled substance in the second degree under count 14 of the indictment, with those five sentences to run consecutively to each other, and a determinate term of imprisonment of 10 years to be followed by a period of postrelease supervision of 5 years on the conviction of criminal sale of a controlled substance in the second degree under count 12 of the indictment, a determinate term of imprisonment of 9 years to be followed by a period of postrelease supervision of 2 years on the conviction of criminal possession of a controlled substance in the third degree under count 4 of the indictment, and a determinate term of imprisonment of 6 years to be followed by a period of postrelease supervision of 2 years on each of the convictions of criminal possession of a controlled substance in the third degree under counts 9, 11, 13, 15, and 17 of the indictment and on each of the convictions of criminal sale of a controlled substance in the third degree, to run concurrently with each other and with the sentences imposed on the convictions of operating as a major drug trafficker, criminal possession of a controlled substance in the first degree, criminal sale of a controlled substance in the first degree, conspiracy in the second degree, and criminal sale of a controlled substance in the second degree under count 14 of the indictment.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed on the convictions of operating as a major drug trafficker and criminal sale of a controlled substance in the first degree shall run consecutively to each other, and that all other sentences shall run concurrently with each other and with the sentences imposed on those convictions; as so modified, the judgment is affirmed.
The defendant was arrested after an approximately 10-month-long investigation into a suspected heroin distribution ring operating in Suffolk County. The Suffolk County Police Department conducted a wiretap investigation pursuant to a series of eavesdropping orders and, using information obtained from the wiretapped phone calls, conducted surveillance and observed multiple drug transactions. The execution of search warrants resulted in the recovery of heroin and United States currency.
The defendant's challenge to the legal sufficiency of the evidence is partially unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the County Court did not err in admitting testimony from an undercover detective regarding information she had received from a confidential informant. As the testimony was admitted to explain the actions of the detective during her investigation, it was not impermissible hearsay (see People v Patterson, 28 NY3d 544; People v Dorcinvil, 122 AD3d 874, 876). Moreover, the court properly permitted the detective to describe certain practices and define certain terms that have a "fixed meaning . . . within the narcotics world" (People v Inoa, 25 NY3d 466, 474 [internal quotation marks omitted]; see People v Melendez, 138 AD3d 758, 759), and the court's limiting instructions minimized any prejudicial effect (see People v Hierro, 122 AD3d 420, 421).
Contrary to the contentions raised in his pro se supplemental brief, the defendant was not deprived of the effective assistance of counsel (see People v Wragg, 26 NY3d 403, 409; People v Benevento, 91 NY2d 708).
The defendant failed to preserve for appellate review his contention, set forth in his pro se supplemental brief, that the sentence imposed by the County Court improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing (see CPL 470.05[2]; People v Moncayo, 195 AD3d 750). In any event, the record fails to establish that the court penalized the defendant for exercising his right to proceed to trial (see People v Martinez, 26 NY3d 196, 200). However, the sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
MILLER, J.P., MALTESE, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court