People v Miles (2022 NY Slip Op 04181)

People v Miles

2022 NY Slip Op 04181

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2018-13682
 (Ind. No. 53/17)

[*1]The People of the State of New York, respondent,
v
Omar U. Miles, appellant.

Thomas T. Keating, Dobbs Ferry, NY, for appellant.
Robert V. Tendy, District Attorney, Carmel, NY (David A. Rosenberg of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Putnam County (James T. Rooney, J.), rendered November 14, 2018, convicting him of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts), upon a jury verdict, and sentencing him to consecutive determinate terms of imprisonment of eight years, to be followed by a period of postrelease supervision of two years, on each of the convictions of criminal sale of a controlled substance in the third degree, to run concurrently with concurrent determinate terms of imprisonment of eight years, to be followed by a period of postrelease supervision of two years, on each of the convictions of criminal possession of a controlled substance in the third degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant was arrested after an investigation into a suspected cocaine sale operation in Putnam County. Using information obtained from a confidential informant, the Putnam County Narcotics Enforcement Unit surveilled and observed multiple drug transactions during which the defendant sold cocaine to the informant. The execution of a search warrant resulted in the recovery of certain physical evidence.
The evidence presented at the Huntley hearing (see People v Huntley, 15 NY2d 72) supported the County Court's finding that the defendant's statements to a law enforcement official during his transport to a correctional facility were spontaneous and not the result of custodial interrogation or its functional equivalent (see People v Wilson, 132 AD3d 786; People v Williams, 97 AD3d 769, 770). Moreover, once at the correctional facility, law enforcement officials observed that the defendant was warm to the touch, sweating "profusely," and spitting out a "severely chewed" green plastic bag. These observations gave rise to a reasonable inference that the defendant may need medical attention because he had consumed a quantity of narcotics, and permitted law enforcement officials to question the defendant without requiring that the defendant be advised of [*2]his Miranda rights (see Miranda v Arizona, 384 US 436), and regardless of whether the questions might lead to an incriminating response (see People v Mansilla, 187 AD3d 794; People v Coleman, 63 AD3d 416). Accordingly, the court properly denied that branch of the defendant's omnibus motion which was to suppress those statements. In any event, the evidence of the defendant's guilt was overwhelming, and there is no reasonable possibility that any error in admitting the defendant's statements could have contributed to the defendant's conviction (see People v Mansilla, 187 AD3d at 795).
Contrary to the defendant's contention, the search warrant issued in this case was supported by probable cause (see People v Williams, 8 AD3d 592; People v Hines, 262 AD2d 423), and no Darden hearing (see People v Darden, 34 NY2d 177) was required (see People v Farrow, 98 NY2d 629, 631).
The defendant's contention that the sentence imposed by the County Court improperly penalized him for exercising his right to a jury trial is unpreserved for appellate review, because he did not set forth the issue on the record at the time of sentencing (see CPL 470.05[2]), and is also unsupported by the record (see People v Baptiste, 204 AD3d 825, 827). However, we find the sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court