People v Francois (2022 NY Slip Op 04819)

People v Francois

2022 NY Slip Op 04819

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2016-06816
 (Ind. No. 6784/14)

[*1]The People of the State of New York, respondent,
v
Adam Francois, appellant.

Twyla Carter, New York, NY (Jonathan Garelick and Angie Louie of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Rachel Raimondi of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered May 25, 2016, convicting him of gang assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence. The notice of appeal is deemed to be from the judgment rendered May 25, 2016 (see CPL 460.10[6]).
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of gang assault in the first degree and sentenced to the maximum of 25 years' imprisonment. On appeal, the defendant contends that the Supreme Court should have granted that branch of his omnibus motion which was to suppress physical evidence since the People failed to establish whether this evidence was recovered incident to his arrest or from the inventory search of the defendant's vehicle. The defendant also contends that his sentence was excessive.
The specific arguments now raised to support the defendant's contention that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress physical evidence are unpreserved for appellate review, as they were not raised before the Supreme Court (see CPL 470.05[2]; People v Williams, 146 AD3d 906; People v Summerville, 138 AD3d 897; People v Vann, 92 AD3d 702, 702). In any event, any error by the court in declining to suppress the subject physical evidence constituted harmless error in light of the overwhelming evidence of the defendant's guilt without reference to that physical evidence and the fact that there was no reasonable possibility that such error might have contributed to the defendant's conviction (see People v Lowe, 189 AD3d 1461, 1464; People v Mansilla, 187 AD3d 794; see generally People v Crimmins, 36 NY2d 230).
Moreover, counsel's failure to preserve the subject arguments did not deprive the defendant of the effective assistance of counsel, as the record amply supports the conclusion that he [*2]received meaningful representation (see People v Benevento, 91 NY2d 708).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., IANNACCI, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court