People v Woods (2026 NY Slip Op 01387)

People v Woods

2026 NY Slip Op 01387

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-01196
 (Ind. No. 70672/21)

[*1]The People of the State of New York, respondent,
vLumumba Woods, appellant.

Lumumba Woods, Cape Vincent, NY, appellant pro se.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Daniel Bresnahan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Terence P. Murphy, J), rendered January 24, 2023, convicting him of assault in the second degree, vehicular assault in the second degree, and driving while intoxicated (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Howard E. Sturim, J.), of the defendant's motion to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Miranda warnings are only required when an individual is subjected to a "custodial interrogation" (Miranda v Arizona, 384 US 436, 444). "A defendant who refuses to sign a written waiver of his [or her] rights, including a Miranda rights card, may nevertheless orally waive his [or her] rights" (People v Saunders, 71 AD3d 1058, 1059). Here, the defendant's voluntary statement made in the field in response to a trooper asking "what happened?" did not constitute an interrogation but rather was an attempt to clarify the situation, and therefore, the trooper was not required to advise the defendant of his Miranda rights (see People v Mansilla, 187 AD3d 794, 795). Further, although the defendant did not sign a Miranda rights card at the barracks, he orally agreed to waive his rights twice and willingly answered questions (see People v Fenelon, 148 AD3d 1051, 1051-1052). Accordingly, the hearing court properly denied the defendant's motion to suppress his statements to law enforcement officials.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
The defendant's contentions regarding alleged prosecutorial misconduct during opening statement and summation are largely unpreserved for appellate review (see CPL 470.05[2]; People v Taylor, 224 AD3d 930, 931). In any event, most of the challenged remarks were fair comment on the evidence or responsive to the defense counsel's summation (see People v Taylor, [*2]224 AD3d at 931). To the extent that any of the challenged remarks were improper, they were not so pervasive or egregious as to deprive the defendant of a fair trial (see People v Spencer, 244 AD3d 1254; People v Komynar, 210 AD3d 698, 700).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court